HENRY J. DEAL *et al.*, Appellants, *v.* WILLIS DODGE *et al.*, Appellees.

APPEAL FROM McLEAN.

Although the real consideration for promissory notes is land, and not the covenants in a deed, yet the maker, finding the land incumbered, for which he gave his notes, if he desires to avoid the payment of them, should place his vendor in his primary condition, by a reconveyance or release; for if the vendor removes the incumbrance, or perfects his title, the consideration becomes valid.

THIS was a declaration in assumpsit, containing two special counts on two promissory notes, and the common counts.

Plea of general issue, and stipulation of plaintiffs and defendants, that all matters that could be properly pleaded should be given in evidence under the general issue.

Trial by jury at the December term, 1860, and verdict for defendants. Motion for a new trial overruled, and judgment on the verdict. Appeal prayed and granted.

The facts of this case are substantially as follows:

On the 16th day of August, 1856, Iris Hobson sold to Joseph Brewer, the S. E. N. E. Sec. 31, T. 24 N., R. 1 W., and made him a deed for the same on the same day, which deed was never recorded.

On the 10th day of September, 1857, Brewer sold the same land to Dodge, one of the defendants, and received therefor the two notes sued on, Endicott signing them as security. On the second day of December, 1857, Brewer gave up his deed to Hobson, and by a mutual agreement between all the parties, Hobson made a new deed to Dodge for the land.

After Hobson had sold the land to Brewer, and while Brewer was in possession of the same under an unrecorded deed, B. S. Prettyman recovered a judgment in the McLean Circuit Court, against the said Hobson, for $104 and costs of suit. On the 21st day of March, 1857, an execution was issued on this judgment, and returned by the sheriff, levied on the land for which the notes sued on were given, and that he had sold the same on the 17th day of June, 1857, to the plaintiff in the execution. The fifteen months allowed for the redemption of this land expired on the 17th day of September, 1858.

Before the time for redemption expired, Hobson procured one Willard, who had a judgment against Hobson before a justice of the peace of McLean county, on which he could redeem this land for Hobson, by filing a transcript in the circuit clerk's office, to use the judgment for the purpose of redeeming the land. Before the expiration of the fifteen months from the date of the Prettyman sale, Willard obtained an execution, and on the same day redeemed the land from the Prettyman sale. The sheriff made to Willard a deed for the land, which deed was given in evidence by defendants. Willard made a quit-claim deed to Hodge for Hobson's benefit. Hodge made a deed to Hobson before the commencement of this suit.

HANNA & SCOTT, for Appellants.

R. E. WILLIAMS, for Appellees.

CATON, C. J.   We fully recognize the principle, that the true consideration of the notes was the land, and not the covenants in the deed, and as the title to the land had been defeated by an incumbrance prior to the deed to the defendant, the title at the time of the maturity of the notes had failed, and so the consideration of the notes failed, if the defendant so chose to treat it, and the defendant then had the right to repudiate the contract of sale, and the notes, for the reason that the consideration of the notes had failed.   But the mere declaration that he repudiated the contract was not sufficient to effectuate that purpose. He should have put the other parties in *statu quo*, by a reconveyance of the land, or at least a release of the covenants in the deed, so that any subsequent title acquired by the grantor in his deed, would not enure to his benefit and vest in him. He did not do this, but retained the deed and the covenants until his grantor did actually acquire a good title to the land which instantly vested in him, and that title he still holds, and so it was when the action was commenced.   While he held the deed and maintained a position to receive a perfect title to the land so soon as his grantor should acquire one, the defendant could not fully and effectually repudiate the contract of purchase. The judgment is reversed, and the cause remanded.

*Judgment reversed.*