BENJAMIN C. WHITLOCK *et al.*

*v.*

WILLIAM DENLINGER.

1. PURCHASE MONEY—*failure of title.* A purchaser of land, receiving a deed therefor with covenants of title, can not avoid the payment of a promissory note given for the purchase money, on the ground that the grantor had no title, if his possession has not been disturbed, nor the paramount title asserted.

2. The grantee can not retain the benefit of the covenants in the deed from his grantor, and the possession of the premises, and yet avoid the payment of the purchase money.

3. VENDOR AND PURCHASER—*rescission of contract for fraud—placing vendor in statu quo.* If a party has been induced, through fraudulent practices of his grantor, to take a title which subsequently fails, he may apply to a court of equity to have the contract cancelled, but before he can do so, he must place the opposite party *in statu quo* by reconveying the land, or at least releasing the covenants and surrendering the possession of the premises to his grantor. In such cases, equity will not require the purchaser to pay the purchase money, and rely for indemnity on his covenants.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. HENRY C. GOODNOW, for the appellants.

Messrs. SNYDER & DILL, and Mr. B. B. SMITH, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of assumpsit, brought in the Marion circuit court by the appellee against the appellants, on a promissory note.

The appellants filed two special pleas, in the first of which, it is averred, that the note on which the action is brought, was assigned to the appellee merely for the purpose of collection; that the sole consideration of the note was certain real estate, conveyed by James Erwin, the payee of said note, to the appellant Whitlock, by warranty deed, containing the usual

covenants; and that the said Erwin, at the date of the execution of said deed, had not, nor has he since, acquired the fee simple title to said tract of land.

It is alleged, that by reason of the facts stated in the first plea, there has been a total failure of the consideration of the note.

The second plea is, in substance, the same as the first, except it is alleged, that by reason of the facts therein stated, there has been a partial failure of the consideration of the note.

To these pleas, the appellee interposed a demurrer which the court sustained, and the appellants electing to stand by their pleas, judgment was rendered for the appellee for the amount of the note. The decision of the court sustaining the demurrer to the special pleas, is now assigned for error.

The demurrer was properly sustained. Both pleas are defective in the statement of facts necessary to constitute a defense to the note on which the action is brought. It is not averred, in either plea, that any paramount title has ever been asserted, or that the grantee has been disturbed in the possession of the premises. We will presume, that possession accompanied the delivery of the deed, and it does not appear but that the grantee is still in possession, and in the enjoyment of the rents and profits of the premises.

It is true, the land, and not the covenants of the deed, is the true consideration of the note. Where a party has been induced, through fraudulent practices by the grantor, to take a title which subsequently fails, this fact would authorize the grantee to apply to a court of equity to have the contract cancelled, but before he can do so, he must place the opposite party *in statu quo* by reconveying the land, or at least releasing the covenants, and surrendering the possession of the premises to the grantor. In such cases, equity will not require the purchaser to pay the purchase money, and rely for indemnity on covenants that may prove to be entirely worthless.

7—59TH ILL.

The grantee can not, however, retain the benefit of the covenants in the deed, and the possession of the premises, and yet avoid the payment of the purchase money. *Vining* v. *Leeman,* 45 Ill. 246; *Deal* v. *Dodge,* 26 Ill. 458.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*