[No. 1745.]

## GEORGE L. PHENIX, ET AL., RESPONDENTS, *v.* NIKOLA K. BIJELICH, APPELLANT.

1. APPEAL—PRESENTATION OF GROUNDS OF REVIEW. The sufficiency of the verification of the answer cannot be raised for the first time on appeal.

2. PLEADING—VERIFICATION—WAIVER OF DEFECTS—MOTION FOR JUDGMENT ON PLEADING. Where plaintiff moves for judgment on the pleadings upon other specific grounds, he waives the objection that the answer was not sufficiently verified.

3. VENDOR AND PURCHASER—VENDOR'S TITLE—RIGHT OF PURCHASER TO DISPUTE. The rule that while a purchaser remains in possession of land conveyed under a contract, and claims the right of possession under the contract, he cannot dispute the vendor's title or refuse to comply with the contract, is not applicable where the purchaser, while he admits that he entered into a contract for possession, does not claim possession under the contract, but claims that the contract was fraudulent, and that the vendor never had any title to the property to convey.

4. PLEADING—MOTIONS—JUDGMENT ON PLEADINGS. Where a party moves for judgment on the pleadings, he not only, for the purposes of his motion, admits the truth of all the allegations of his adversary, but he must also be deemed to have admitted the untruth of all his own allegations, which have been denied by his adversary.

5. VENDOR AND PURCHASER—RESCISSION OF CONTRACT FOR DEFECT IN TITLE—DUTY OF VENDEE. Where a purchaser in possession seeks to rescind a contract for the sale of land, because of defect in the title, he is bound to restore to the vendor what he received under the contract, and place the vendor in his original situation, but where he received nothing from the vendor under the contract, but asserts fraud upon the vendor's part in falsely representing the title and claims title in himself, there is no such duty.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *F. P. Langan,* Judge.

Action by George L. Phenix, *et al.,* v. Nikola K. Bijelich. From a judgment for plaintiffs, upon the pleadings, defendant appeals. **Reversed and remanded for a new trial.**

The facts sufficiently appear in the opinion.

*Elmer Rogers* and *Henry M. Farnam,* for Appellant:

I. The district court improperly ordered judgment against the defendant in favor of the plaintiff for plaintiff's costs in said action.

II. It is elementary that fraud vitiates a contract. It is no longer necessary as at common law to cause a contract to

be canceled on the ground of fraud before a defense can be interposed in an action brought upon the contract. (*Gage* v. *Lewis*, 68 Ill. 604; *White* v. *Watkins*, 23 Ill. 480; *Fitzgerald* v. *Smith*, 1 Ind. 310; *Leonard* v. *Bates*, 1 Ind. 172; *Burlington Lumber Co.* v. *Evans Lumber Co.*, 100 Iowa, 469; *Chambers* v. *Games*, 2 Iowa, 320; *Case* v. *Boughton*, 11 Wend. 106; *Greathouse* v. *Dunlap*, 3 McL. 303.)

III.   The answer sufficiently alleges fraud practiced upon the defendant in that the charge imputes to them knowledge of the falsity, and the plaintiffs were bound to know of their own knowledge whether or not they had title to the lot in question, for this is followed by the averment that in truth and in fact the plaintiffs never had and did not have at the time of the commencement of the action any title whatsoever to the September lode mining claim.   It is apparent without further averment that the defendant relied upon the statement and was deceived thereby from the fact that he entered into the contract with plaintiffs, purchased the lot, and paid thereon a portion of the consideration specified in the contract.

IV.   The motion for judgment on the pleadings was improper.   When an answer is put into defective form only, the plaintiff should demur and not move for judgment on the pleadings.   (*Gallagher* v. *Dunlap*, 2 Nev. 326; *Childs* v. *Griswold*, 15 Iowa, 438; *Rice* v. *Bush*, 16 Colo. 484.)   A motion for judgment on the pleadings can be allowed only where the answer wholly fails to deny any material allegations of the complaint.   (*Fitzgerald* v. *Neustadt*, 91 Cal. 600; *Gardner* v. *Donnelly*, 86 Cal. 367; *McDonald* v. *Pincus*, 13 Mont. 83; *Wallace* v. *Baisley*, 22 Or. 572.)   Where any of the material allegations of the complaint are denied by the answer, it is error to render judgment on the pleadings.   (*Willis* v. *Holmes*, 28 Or. 265; *Johnson* v. *Manning*, 2 Iowa, 1073; *Botty* v. *Vandament*, 67 Cal. 332; *Widmer* v. *Martin*, 87 Cal. 88; *Hastings* v. *Bank of Longmont*, 4 Cal. 419.)   A motion for judgment on the pleadings is not in harmony with the spirit of code procedure, and is not favored.   (*Currie* v. *So. Pac. Ry. Co.*, 23 Or. 400.)   Nor is vagueness in an answer to be visited by judgment on the pleadings.   (*Kelly* v. *Barnett*, 16 How. Prac. 135.)

V.   The misrepresentation as to the title of the property averred in the answer constitutes a sufficient defense.   Where a vendor in a sale of real or personal property makes false representations as to material facts, such as ownership relating to the property, having at the time knowledge that the statements are false, or what the law regards as equivalent to such knowledge, such as the concealment of ownership, and intending that the purchaser shall rely upon them as an inducement to the purchase, he becomes liable in an action of deceit in case the purchaser consummates the purchase and suffers loss thereby.   (*Grady* v. *Jeffares*, 25 Fla. 743; *Craig* v. *Hamilton*, 118 Ind. 565; *Riley* v. *Bell*, 120 Iowa, 618; *Kimball* v. *Sanguin*, 53 N. W. 116; *Ballou* v. *Lucas*, 59 Iowa, 22; *Atwood* v. *Chapman*, 68 Me. 38; *Burns* v. *Dockray*, 156 Mass. 135; *Fisher* v. *Mellen*, 103 Mass. 503; *Wasey* v. *Mahoney*, 55 Mich. 194; *Thomas* v. *Murphy*, 87 Minn. 358; *Reynolds* v. *Franklin*, 39 Minn. 24; *Brown* v. *Lyon*, 81 Miss. 438; *Brownlee* v. *Hewitt*, 1 Mo. App. 360.)

VI.   For plaintiffs to claim that defendant is estopped to raise a question on the validity of the contract, but more especially after the ownership and title of plaintiffs, is to allow the plaintiffs to stultify themselves, take advantage of their own wrong, fraud, and falsity to retain the moneys paid under the contract as liquidated damages for the fraud practiced upon the defendant, and to gain possession of property which the answer asserts as a triable issue that plaintiffs never owned.   The general rule may be that a party is estopped and is precluded from taking a position in connection with a contract inconsistent with and to the prejudice of the other contracting party; but no cases will be found where this broad principle can be applied to misrepresentation, falsity and fraud in regard to the subject-matter, such as ownership, as is asserted in this answer.   The fact that there is a recital in the contract that the plaintiffs were the owners of the property does not weigh against fraudulent representation of ownership, because the recital is vitiated by the fraud practiced.   The issues tendered by the answer were triable and the motion for judgment on the pleadings was erroneously granted.

*Thompson, Morehouse & Thompson*, for Respondent:

I. It will be observed that this is an action, upon a contract of lease, in the nature of a contract to buy and sell a certain lot of land, between plaintiffs and defendant. There is no question but the contract was made and that the defendant entered into the possession of the land and premises under the contract. It matters not whether the contract be one of lease or one between vendor or vendee, the rule is the same that while the defendant remains in possession of the land, and claims the right of possession under the contract, he cannot dispute the title or refuse to comply with the terms of his contract. The only question at issue upon this appeal is the legality of the judgment, based solely upon the pleadings. It will be observed by the answer that the defendant admits the contract; that he has not complied therewith, and that he refuses to do so, and that he is in possession of the lands. This admission admits all the facts of the complaint and entitles plaintiffs to judgment, because none of the other matters set out in the answer can be set up by way of defense until the defendant surrenders possession. Besides, the complaint is duly verified and the answer is unverified, and, therefore, under the law, raises no issue. The inspection of the complaint and answer is enough to show that the motion for judgment on the pleadings was properly made, and that the court did right in sustaining the motion, and the judgment was properly entered. But, as the appeal itself would indicate that the defendant has some reliance upon what is called a bill of exceptions, without an objection or exception of any kind, but containing points which might be urged upon an appeal from the judgment, we shall brief the cause as an appeal from the judgment. The answer is not verified, and raises no issue, for, as is said by Comp. Laws, 3146, "when the complaint is verified by affidavit, the answer shall be verified." And by Comp. Laws, 3150, we find that "in all cases of the verification of a pleading, the affidavit of the party shall state that the same is true of his own knowledge, except as to the matters which are therein stated on his information or belief, and as to those matters that he believes it to be true." We

find no verification of any kind to the answer, and the complaint is a verified complaint. *Perras* v. *Denver R. Co.*, 5 Colo. 21, and *Humphreys* v. *McCall*, 9 Cal. 59, hold that an unverified answer to a verified complaint tenders no issue, and judgment upon the pleadings may be entered as by default, for want of an answer, under statutes the same as ours, and because, as provided in Comp. Laws, 3160, there being no specific denial, the facts of the complaint stand admitted as true, and must be so held upon the trial of the action. And such answers may be stricken from the files. (*Ronnow* v. *Delmue*, 23 Nev. 29; *Crompton* v. *Crow*, 2 Utah, 245.) And may be taken advantage of by motion for judgment for want of answer. (*Molony* v. *Dows*, 15 How. Prac. 261; 2 Hilt. 247; *Hull* v. *Ball*, 14 How. Prac. 305; *Drum* v. *Whiting*, 9 Cal. 422; *Nichols* v. *Jones*, 14 Colo. 65.) And such an answer is treated as a nullity. (*Smith* v. *Mullican*, 2 Minn. 319; *Cherry* v. *Foley*, 16 N. Y. Supp. 853; *Phifer* v. *Trav. Ins. Co.*, 123 N. C. 410; *Tyler* v. *E. G. Bernard Co.*, 57 S. W. 179; *Williams* v. *Williams*, 13 Ark. 421; *McFarland* v. *State Bank*, 4 Ark. 410; *Wilson* v. *Preston*, 15 Iowa, 246; *Stockton* v. *Dahl*, 66 Cal. 377; *Craig* v. *Pope*, 48 Ga. 351.) But, even if verified, a judgment for the plaintiff is properly rendered upon the pleadings, where the answer admits or leaves undenied the material allegations of the complaint. (*Hancock* v. *Harrick*, 29 Pac. 13; *Hicks* v. *Lovell*, 64 Cal. 14; *Botts* v. *Mandemant*, 67 Cal. 332; *Prost* v. *More*, 40 Cal. 347; *San Francisco* v. *Stande*, 92 Cal. 560; *Felch* v. *Bandry*, 40 Cal. 439.) Where the answer fails to deny any material allegations of the complaint in such a form as to put the same in issue, the plaintiff is entitled to judgment upon the pleadings. (*Doll* v. *Good*, 38 Cal. 287.) But it will be seen that the defendant particularly admits in his answer, as follows: "Defendant also admits that he is in possession of the property described in plaintiffs' complaint," and he makes no offer to restore the possession to plaintiffs, nor any tender to pay the purchase price agreed upon. The rule is: "If, after a contract is made for the sale of real property, it is ascertained that the title of the vendor is not perfect, the vendee must either rescind the contract and restore the pos-

session or accept the title as it is and pay the purchase price. He cannot, while declining to pay such price on account of the defect in the title, hold possession of the property until the title shall be perfected." ( *Worley* v. *Nethorcott*, 91 Cal. 512; *Gates* v. *McLean*, 70 Cal. 43; *Rhorer* v. *Bila*, 83 Cal. 54; *Union Stave Co.* v. *Smith*, 67 Am. St. Rep. 140; *Lynch* v. *Baxter*, 4 Tex. 431; *Haile* v. *Smith*, 60 Pac. 1032.)

II.   This last case says: "The defendant refused to make the last payment because plaintiffs' title was not good. Defendant made valuable improvements on the land. *Held*, that plaintiff could recover in ejectment, and whatever cause of action defendant had to recover, the purchase money and value of the improvements was no defense." This quotation is from the syllabi.   To the same effect is *Bruschi* v. *Quail M. & M. Co.*, 81 Pac. 404.   The Supreme Court of Oregon says ( *Lively* v. *Mackle*, 80 Pac. 901).: "Where the vendee under an executory contract for the purchase price of real estate takes possession, and the title of the vendor fails, or he is unable to make conveyance as stipulated, the remedy of the purchaser is either to rescind or offer to restore the possession, in which case he may recover the purchase money and interest, or retain the possession under the contract and pay the purchase price, accepting such title as the vendor may be able to give.   He cannot retain both the land and the purchase money until a perfect title shall be offered him." It will be seen, therefore, that the defendant cannot retain the possession of the land and deny plaintiffs' title, because while he retains the fruits and benefits of the contract he is estopped from denying want of title in the plaintiffs, and such plea on his part creates no defense and raises no issue. And the same rule applies to fraud and misrepresentations. ( *Kinney* v. *Osborne*, 14 Cal. 112; *Blen* v. *M. R. & A. W. & M. Co.*, 20 Cal. 602.)   To the same effect is *Snider* v. *Foote*, 27 Fed. 581.

III.   The fact that vendee, who has been put in possession under an executory contract of sale, makes valuable improvements on the property does not entitle him to refuse to perform his agreement and yet retain possession. ( *Hamman* v. *McNickle*, 23 Pac. 271; *Moore* v. *Giesecke*, 13 S. W. 290).

From all these authorities it will be seen that before the defendant can set up as a defense defect of title or fraud of any kind he must rescind his contract and restore the possession of the land or offer to do so, for he cannot acquiesce in his contract and at the same time seek to avoid it. While he claims the benefit of his contract—to wit, the possession, use and claim of ownership of the land—he admits title and the *bona fides* of the plaintiff. If he wishes to avoid the contract he may do so, and then, by restoring the possession to the plaintiff, he can sue in damages for fraud and defect of title. If he rescinds, he must rescind *in toto*. If he affirms any part of the contract, he affirms in all things. Therefore the authorities cited by defendant are not in point, and the position taken by him is untenable, because the precedent fact—to wit, the surrender of the possession of the land—is wanting, the very fact necessary to lay the foundation of any defense whatever. The answer therefore contains no averment of any fact constituting any defense or any issue, and the judgment was properly rendered.

*H. M. Farnam*, for Appellant, in reply:

I.  Where there is a defective verification of an answer the defendant should be allowed to correct the error, if he so desires. (*Heintzelman* v. *L'Amoroux*, 3 Nev. 377; *Bergerow* v. *Parker*, 87 Pac. 248.) Counsel for appellant does not concede that the absence of a verification in an answer where the complaint is verified, as provided for in Comp. Laws, 3146, entitles respondents to a judgment on the pleadings. Section 3146 provides: "Every pleading shall be subscribed by the party or his attorney, and when the complaint is verified also, except as provided in the next section." Section 3147 says: "The verification of the answer required in the last section may be omitted when an admission of the truth of a complaint might subject a party to prosecution for felony." The statutes of Nevada nowhere authorize a judgment on the pleadings for failure to verify an answer under such circumstances. Motions for judgment on the pleadings are disfavored. (*Bowles* v. *Dobble*, 9 Pac. 918; *Telegraph Co.* v. *Patterson*, 1 Nev. 124–129; *Road Co.* v. *Bedford*, 3 Nev.

399–401.) The proper procedure for the respondents would have been to return the answer because the same had not been verified. Or a motion might have been made by the respondent to strike the answer from the files. Undoubtedly the latter is the proper practice. (*Lehane* v. *Keyes*, 2 Nev. 261.) But since the statutes of Nevada do not impose any penalty for failure to verify an answer when the complaint is verified, appellant submits that the court below could not impose a penalty in the nature of an extinction of appellant's rights under a motion for a judgment on the pleadings.

II. The notice of motion for judgment on the pleadings did not refer to the absence of the verification of the answer. The question of the absence of verification is raised for the first time in this case in the appellate court. In such case the appellate court will not look into the question of verification. (*Power* v. *Gum*, 9 Pac. 575.)

III. A motion for judgment on the pleadings is in the nature of a demurrer to the answer when made by the plaintiff in the case. Under such circumstances the respondents unquestionably waived their objections to the answer. (*Taylor* v. *Palmer*, 31 Cal. 240; *Bergerow* v. *Parker*, 87 Pac. 248.)

IV. Cases where plaintiff proceeded to trial without an answer cannot raise the point that there was no issue. (*Anderson* v. *Sloan*, 1 Colo. 485; *Taylor* v. *McGloughlin*, 2 Colo. 12; *Northern Co.* v. *Wangard*, 100 N. W. 1066; *Gregory* v. *Bowlsby*, 102 N. W. 517.)

V. We renew the statement made in the original brief that there were triable issues presented, and respectfully request that the order of the lower court be reversed.

By the Court, NORCROSS, J.:

This is an appeal from a judgment upon the pleadings entered in pursuance of a motion for that purpose.

The complaint contains the following allegations: "That on, to wit, the 31st day of January, 1905, the plaintiffs were the owners of that certain lode mining claim in Goldfield Mining District, County of Esmeralda, State of Nevada, known and called the 'September,' and on said day said plaintiffs and said defendant made and entered into a written

agreement, a true copy of which is hereunto attached, marked 'Exhibit A,' and made a part of this complaint; that thereafter said defendant in pursuance of said agreement paid said plaintiffs the sum of $75 and entered into the possession and occupancy of said lot of land in said agreement described, and ever since has been and now is in the occupation and possession thereof; that said defendant has made no further payments, and although more than ten days has expired since the remaining payment as provided in said agreement became due, and was to be made, and although demand has been made therefor, said defendant has failed, refused, and neglected to pay the same, and therefore plaintiffs aver that said defendant has forfeited his said contract and agreement as in said agreement specified, and plaintiffs are entitled to the possession and sole ownership of said lot of land and improvements thereon."

The material portions of the agreement referred to in and made a part of the complaint read as follows: "This agreement, made and entered into at Goldfield, Esmeralda County, Nevada, this 31st day of January, A. D. 1905, by and between G. L. Phenix, Dr. White Wolf, P. C. Kortz, W. S. Williams, and Addie Williams, of Goldfield, Nevada, parties of the first part, and Nikola K. Bijelich of Goldfield, Nevada, party of the second part. Witnesseth, whereas the said party of the first part is the owner of that certain mining claim known and designated as the 'September,' situated in the Goldfield Mining District, Esmeralda County, Nevada, and whereas the said party of the second part is desirous of securing a portion of the surface ground of said claim. Now, therefore, in consideration of the sum of one dollar ($1) lawful money of the United States, paid to the first parties, by the second party, the receipt whereof is hereby acknowledged, and in consideration of the covenants and agreements hereinafter contained, the parties hereunto have promised, covenanted and agreed and do hereby promise, covenant and agree as follows: (1) The second party shall have, and he is hereby given a leasehold interest in and to the surface ground embraced within that certain lot, or parcel of land, designated upon the town-site survey of said mining claim

as lot No. 5, in block No. 4, said leasehold interest to continue until the first parties acquire a government patent to said September mining location. (2) The second party agrees to pay to the owners of said mining claim the sum of $225, gold coin of the United States at the time and in the manner following: ($75) seventy-five dollars cash down, upon the signing of this agreement, and the balance in several deferred payments as follows: On or before July 30th, 1905, $150, together with the further sum of one dollar ($1) per annum, payable in advance as rental, said deferred payments shall bear interest at the rate of one per cent per month until paid. It is expressly understood and agreed by the parties hereto that if the second party shall fail, neglect or refuse to make said payments or any of them, as above specified, and said payments or any of them shall be in default or arrears, for a period of ten days following the date when such payment is due and payable, then and in that event, the first parties, or any of them, may enter into and take possession of said premises together with the improvements without further notice or demand and without process of law, and the second party will surrender to the first parties all of the second party's right, title and interest in and to said premises or arising under and by virtue of this contract as liquidated damages for said breach of contract. * * * (3) Upon issuance of a government patent for said September mining claim, the first parties will make and execute and deliver to the second party a good and sufficient deed to said lot No. 5, provided the second party shall make written demand therefor upon the first parties together with the tender of one dollar within six months after the date of recording said patent in the office of the recorder of said county. * * * (6) Time is of the essence of this agreement."

Defendant's answer contains the following admissions, denials and allegation:

"(1) Defendant admits that he entered into an agreement as set forth in plaintiffs' complaint, also, that he paid the plaintiffs the sum of seventy-five dollars. Defendant also admits that he has refused to make further payments under said agreement. Defendant also admits that he is in pos-

session of the property described in plaintiffs' complaint. (2) Defendant, further answering, denies that the plaintiffs are the owners, and entitled to the possession of a certain lode mining claim, called the 'September,' situated in Goldfield Mining District, Esmeralda County, Nevada. (3) The defendant, further answering, charges that the plaintiffs falsely and fraudulently represented to the defendant that they were the owners of said property, when in truth and in fact said plaintiffs never did have, and have not now, any title whatsoever to said lode mining claim. (4) Defendant, further answering, alleges that he has expended a large sum of money, to wit, fifteen hundred dollars in improving said property, and is entitled to said improvements together with the possession of said property.

"Wherefore defendant prays that said contract be canceled and annulled, and all moneys paid the plaintiffs under said contract be adjudged the property of this defendant, and that this defendant have the right of possession of said property, and his improvements thereon, and his costs of suit, and such other and further relief as the court may deem equitable and just.

"Nicola K. Bijelich,

"Nikola K. Bijelich, by

"Elmer Rogers,

Attorney for Deft.

"Subscribed and sworn to before me this 15th day of May, 1907.

"E. Hardy, Clerk of District Court,

"By J. B. Rourke, Deputy."

Respondents' motion for judgment on the pleadings was based upon the following grounds and none other: "That the denials and statements set forth in defendant's answer raises no issue to be tried and constitutes no defense to plaintiffs' cause of action as set forth in plaintiffs' complaint."

Respondents raise the question upon this appeal that as the complaint was verified, and the answer not verified, that alone would be sufficient cause to affirm the judgment. While there is a pretense of a verification of the answer, made after the filing of the answer but before entry of judg-

ment, it must be readily conceded that such verification is not in accordance with the provisions of the statute and upon proper objection would be held insufficient, in which case an opportunity should be granted to amend. However, no question as to the sufficiency of the verification of the answer was raised in the lower court, and it cannot, therefore, be raised for the first time in this court. Counsel, we think, by moving for judgment upon the pleadings upon other specific grounds, waived objection to the verification.

It is contended by counsel for respondents that appellant is governed by the rule providing that while the vendee remains in possession of the land conveyed under the contract and claims the right of possession under the contract, he cannot dispute the vendor's title or refuse to comply with the terms of the contract, and that an application of this rule to the facts admitted by the pleadings in this case affords a complete justification for the judgment awarding plaintiffs possession of the property, together with the improvements, and payments made as liquidated damages as prayed for in the complaint. That the rule contended for is the general rule may be conceded. The pleadings, however, in this case, we think, take it outside the rule's application. While the answer of the defendant admits that he entered into the contract in question with the plaintiffs, he alleges that such contract was fraudulent in its inception in that plaintiffs falsely and fraudulently represented that they were the owners of the said "September" mining claim, "when in truth and in fact said plaintiffs never did have, and have not now, any title whatsoever to said lode mining claim." The answer also specifically denies the plaintiffs' allegation of ownership of the claim, and alleges that defendant is entitled to possession of the property involved in the action.

It cannot, we think, be said, as counsel for respondents contends, that appellant "claims the right of possession under the contract." There is nothing in the pleadings wherein appellant makes any such specific claim affirmatively or admits such fact by failure to deny an allegation to that effect of the plaintiffs. Other allegations in the answer

are inconsistent with such position. In all of the cases to which our attention has been called and others which we have examined where the general rule has been enforced, the grantor has been conceded to have some title to the premises in controversy. The appellant in this case, however, does not even concede a defective title in plaintiffs and respondents, but on the contrary he alleges that "plaintiffs never did have, and have not now, any title whatsoever to said lode mining claim." He charges, in effect, that the contract sought to be enforced was induced by the false and fraudulent representations of the respondents and that he received nothing by reason thereof. "When a party moves for judgment on the pleadings, he not only for the purposes of his motion admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all his own allegations which have been denied by his adversary." (*Walling* v. *Bown*, 9 Idaho, 184, 72 Pac. 960; *Idaho Placer Min. Co.* v. *Green* [Idaho] 94 Pac. 161, 164; 11 Ency. Pl. & Pr. 1046.)

When the motion for judgment upon the pleadings was made, applying the rule last quoted, it was conceded that defendant never acquired any rights to the land under the contract, for the reason that the plaintiffs had none to convey, and that plaintiffs were not in position to carry out their part of the agreement in any extent whatever. In a case, somewhat similar in principle to this, the Supreme Court of Michigan in an opinion written for the court by Cooley, J., said: "Equity could not allow the rights of a purchaser under such a contract to be forfeited by the vendor, when the latter had no title to convey, and was not in position to perform his own undertaking." (*Converse* v. *Blumrich*, 14 Mich. 109, 90 Am. Dec. 230; *Getty* v. *Peters*, 82 Mich. 661, 46 N. W. 1036, 10 L. R. A. 465; *Warren* v. *Crew*, 22 Iowa, 315; *Peck* v. *Brighton Co.*, 69 Ill. 200.)

Where a vendee in possession seeks to rescind a contract for the sale of land because of defect in the title, he is in duty bound to restore to the vendor what he received under the contract and place the vendor in his original situation, but where he received nothing from the vendor under the

contract, asserts fraud upon the part of the vendor in falsely representing the title, and claims title in himself, the reason for the rule fails. (·Whitlock v. Denlinger, 59 Ill. 96.)

We think the answer of the defendant, especially in the absence of a demurrer thereto, sets up a good defense to plaintiff's cause of action. This view of the case makes it unnecessary to determine other questions presented.

The judgment is reversed, and the cause remanded for trial.