HAUCK et al., Appellants v. BULL et al., Respondents

(110 N.W.2d 506)

(File No. 9903. Opinion filed September 6, 1961)

**Chas. E. Gorsuch,** Aberdeen, for Plaintiffs-Appellants.

**Campbell, Voas & Richardson,** Aberdeen, for Defendants-Respondents.

HANSON, J. This is a taxpayers' action to recover public funds alleged to have been unlawfully paid out under a void road construction contract.

The complaint alleges, in effect, that plaintiffs are residents and taxpayers of Wachter Township, McPherson County, South Dakota, and bring this action on behalf of themselves and others similarly situated; that defendants, Charles W. Bull, Ruben Bertsch, Alden Flakoll, and Dean Melland are officers of Wachter Township and defendant, Erwin Martin, is a road contractor; that on or about June 17, 1959 the township officers entered into a contract with Martin whereby the township agreed to pay Martin the sum of $1,400 to $1,500 per mile for constructing certain roads in Wachter Township; that said contract was illegal and void as it was entered into without first advertising for bids as required by law; and the sum of $11,874.25 was paid to defendant Martin from funds of Wachter Township in violation of South Dakota law.

Defendants' answer contained a general denial and, in substance, the following affirmative defenses: (1) That plaintiffs were aware the contracts between the township and Martin were being negotiated without bids and were consummated with full performance on both sides. That plaintiffs were aware that for weeks defendant Martin had been working on the township roads, had watched his progress, and would be paid from township funds for his material and services. That plaintiffs by their conduct and inaction permitted and condoned said action and because of their

failure to object or complain are estopped from objecting and are guilty of laches in not having raised the issue or objecting to the contracts or to the payments made thereunder; (2) That at a regular annual meeting of the township the electors adopted Resolution No. 1, marked Exhibit 1, by a vote of 36 to 3 thereby waiving and ratifying all actions of its officials involving the road contracts with defendant Martin; (3) That the electorate by adopting Resolution No. 1 for $1 and other valuable considerations compromised, adjusted, settled and satisfied all claims thereby releasing defendants from all liability; (4) Full accord and satisfaction of all claims by adoption of Resolution No. 1; and (5) That the township and taxpayers therein have received benefits from the road contracts in excess of the money paid to defendant Martin and plaintiffs are estopped to deny such contracts to the extent of benefits received.

In granting defendants' motion for judgment on the pleadings the trial court considered and determined the issues raised by the pleadings on their merits. The propriety of such action is the primary question presented on this appeal.

Motions for judgment on the pleadings are provided for by SDC 1960 Supp. 33.1002 as follows: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Demurrers have been abolished in this jurisdiction and a motion for judgment on the pleadings, like a motion to dismiss, now provides an expeditious remedy to test the legal sufficiency, substance, and form of pleadings. It is a proper remedy only when no issue of fact is raised. It deals only with questions of law arising from the pleadings. Friedman v. Washburn Co., 7 Cir., 145 F.2d 715. "When a party moves for judgment on the pleadings, he not only for the purposes of his motion admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all his own allegations which have been denied by his ad-

versary." Phenix v. Bijelich, 30 Nev. 257, 95 P. 351, 353; United States v. Hole, D.C., 38 F.Supp. 600.

■ The only pleadings filed in the present action are the complaint and answer. No reply was made and none was required, under our practice, as the answer did not contain a counterclaim denominated as such nor did the court order a reply to be made. SDC 1960 Supp. 33.0901. For the purposes of defendants' motion all of the affirmative allegations in the answer should have been treated as denied by virtue of SDC 1960 Supp. 33.0906 which provides, in part, that "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Therefore, the only question presented by defendants' motion was whether or not the complaint stated a cause of action. Friedman v. Washburn Co., 7 Cir., 145 F.2d 715; Koolvent Metal Awning Corp. v. Kool-Vent Metal A. Corp., D.C., 138 F.Supp. 95; 1A Fed. Practice & Procedure, § 358 p. 393. Upon the implied admission of facts defendants' motion should have been denied. A taxpayer under proper circumstances may maintain a representative action for the recovery of public funds illegally expended under an invalid contract.

At the time the alleged road construction contract was entered into between the township and Martin the provisions of Chapter 300, Laws of 1939, as amended, were in effect. Chapter 300, Laws of 1939, has now been codified into Chapter 65.07 of SDC 1960 Supp. It is a comprehensive act designed to unify and regulate the awarding of contracts by all public corporations. SDC 1960 Supp. 65.0701-1 provides that " 'Public Corporation' shall embrace the state and all counties, cities, towns, public school corporations and all officers, boards or commissions empowered by law to enter into contracts for the construction of public improvements." This comprehensive language covers and includes townships which are corporate bodies. SDC 58.0201. According to SDC 1960 Supp. 65.0701-2 "All contracts of any public corporation, whether for the construction of public improvements or contracts for the purchase of materials,

supplies or equipment, when such contracts, involve an expenditure equal to or in excess of one thousand dollars, must be let to the lowest responsible bidder. * * *" Subsequent provisions in Chapter 65.07 specify the method of advertising for bids, need for plans and specifications, requirements for written contract, and contractor's bonds. SDC 1960 Supp. 65.0704-1 further states that "It shall be unlawful for any public corporation or its officers to enter into any contract in violation of the terms of this act, and any such contract entered into shall be null and void and of no force and effect. * * *"

The quoted provisions from the general act relating to contracts by public corporations are inconsistent with prior specific statutes relating to township contracts for the construction or repair of secondary roads contained in Title 28 of SDC 1939. The general Act, Chapter 300, Laws of 1939, did not expressly repeal these prior inconsistent statutes. It did contain a general repealing clause to the effect that "All acts or parts of acts in conflict with this act or any of the provisions thereof are hereby repealed." "* * * such a provision ordinarily operates only as a declaration of what would be the legal effect of the act without the provision". 50 Am.Jur., Statutes, § 520, p. 528. We are also aware of the rule that "Repeals by implication are not favored and will be indulged only where there is a manifest and total repugnancy. If, by any reasonable construction, both acts can stand, they should". Jacobi v. Clarkson, 60 S.D. 401, 244 N.W. 535, 536. However, we are of the opinion that the acts in question are so incompatible and inconsistent they cannot, by any reasonable construction, be reconciled and allowed to stand together in toto.

█ In our opinion the enactment of Chapter 300, Laws of 1939, repealed by implication the inconsistent portions of SDC Title 28. Our conclusion is substantiated by the exception appearing in section 10 of Chapter 300, Laws of 1939 (now SDC 1960 Supp. 65.0704-1) as follows: "Nothing in this Act shall be so construed as to prevent * * * townships from constructing or maintaining * * * any

secondary highways by means of drags, road planers, tractors, and other approved mechanical devices owned by said * * * townships." It is evident from such language that except for roadwork performed by a township with its own machinery our legislature intended to include all other township contracts within the purview of that act. Consequently, contracts entered into by township officials in violation of said act are unlawful and void.

The legal effect of such a contract, and the rights of parties thereunder, have been clearly and consistently delineated by this court in the following cases: Norbeck & Nicholson Co. v. State, 32 S.D. 189, 142 N.W. 847; Bartron v. Codington County, 68 S.D. 309, 2 N.W.2d 337, 140 A.L.R. 550; Seim v. Independent Dist. of Monroe, 70 S.D. 315, 17 N.W.2d 342; City of Vermillion v. Hugener, 75 S.D. 106, 59 N.W.2d 732; Carlson v. City of Faith, 75 S.D. 432, 67 N.W. 2d 149; and Fonder v. City of South Sioux Falls, 76 S.D. 31, 71 N.W.2d 618, 53 A.L.R.2d 493. The opinion in Losee v. Hettich, 74 S.D. 461, 54 N.W.2d 353 involving somewhat similar facts erroneously assumed that Chapter 300, Laws of 1939, as amended, had no application.

■ It should not be implied, however, that the electors of Wachter Township, for whose ultimate benefit this action is brought, could not lawfully compromise and direct the settlement of this litigation. The construction of secondary roads was one of the general corporate powers of the township. The road was constructed, public funds were paid out, and benefits received which cannot be tendered back. Afterwards the legality of this claim was challenged. A bona fide difference of opinion existed as to its validity and the legal effect of the contract in view of the law on the subject as then declared in Losee v. Hettich, 74 S.D. 461, 54 N.W.2d 353. The author of the annotation in 15 A.L.R.2d, p. 1369, states the applicable general rule as follows: "a municipality has the power to compromise claims which exist in its favor or against it and which arise out of a subject matter concerning which the municipality has the general power to contract, if at the time

of the settlement, there was a bona fide reasonable doubt or dispute as to the validity of the claim." See also State v. Davis, 11 S.D. 111, 75 N.W. 897, 74 Am.St. Rep. 780. Township electors are given express power at their annual meeting "* * * (3) To direct the institution or defense of actions in all controversies wherein such township is interested; * * *." SDC 58.0303. Under the circumstances and in the absence of fraud, bad faith or sufficiency of consideration in the inception or performance of the original contract, the electorate of Wachter Township had the power and authority in good faith to compromise and direct the settlement of this claim. Whether the electorate properly exercised that power is a matter for the trial court to determine at the trial of this action on the merits.

Reversed and remanded for trial.

All the Judges concur.