**KORSTAD–TEBBEN, INC.,
Plaintiff and Appellee,**

v.

**POPE ARCHITECTS, INC., Defendant,
Third Party Plaintiff and Appellant,**

v.

**Harley MILLER, Harley Miller Construction, Inc., and Gregory F. Butler, Third Party Defendants and Appellees.**

No. 16751.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1990.

Decided Aug. 29, 1990.

Todd D. Boyd of Gunderson, Evenson & Boyd, Clear Lake, for plaintiff and appellee Korstad–Tebben, Inc.

Paul I. Hinderaker of Austin, Hinderaker, Hackett & Hopper Watertown, for defendant, third party plaintiff and appellant Pope Architects, Inc.

John C. Wiles of Bartron, Wiles & Rylance Watertown, for third party defendants and appellees Harley Miller and Harley Miller Const.

Thomas J. Green of Green, Schulz, Roby & Ford Watertown, for third party defendant and appellee Watertown, South Dakota.

PER CURIAM.

The trial court erred in granting the motion for judgment on the pleadings because issues of fact remained unresolved. We reverse and remand for further proceedings.

### FACTS

Korstad–Tebben, Inc. (Korstad) initiated this action seeking recovery of $7427.50 from Pope Architects, Inc. (Pope). Korstad's complaint contains only two allegations:

III. That defendant owes plaintiff the sum of $7,427.50 as of the 23rd day of July, 1984.

IV. That plaintiff is entitled to prejudgment interest at the rate provided by law from and after the 23rd day of July, 1984.

Pope filed an answer and a third party complaint against three third party defendants: Harley Miller; Harley Miller Construction, Inc.; and, Gregory F. Butler. Pope alleged that Korstad's services were "performed for and furnished to Third Party Defendants...." Pope made the following response to Korstad's allegations:

Defendant admits that Plaintiff is owed the sum of $7,427.50 as of approximately July 23, 1988; but alleges that this sum is owed by Third Party Defendants Harley Miller, Harley Miller Construction, Inc. or Gregory F. Butler; and denies that it is owed by Defendant except out of the proceeds of Third Party Defendants' payments.

At the conclusion of its Answer and Third Party Complaint, Pope requested the following relief:

1. Limiting [Korstad's] recovery to the proceeds of the mechanic's lien foreclosure.

2. Determining that Pope Architects, Inc. has a valid and existing mechanic's lien upon the real property described herein in the sum of $28,125.48 as of September 9, 1986 with prejudgment interest at the rate provided by law.

3. Determining the respective interests of the parties hereto and ordering that the property described herein be sold according to law and the proceeds resulting from the sale be deposited with this Court.

4. Distributing the proceeds from the sale to the parties as their respective interests appear and according to law.

After all the third party defendants had answered, Korstad filed a motion for judgment on the pleadings alleging that there were no issues of fact and that they were entitled to judgment as a matter of law. Korstad's basis for the motion was its allegation that Pope, in its answer, admitted that it owed Korstad the amount claimed in the complaint. Immediately preceding the hearing on the motion for judgment on the pleadings, Pope provided the court with an affidavit from James R. Pope which clarified the factual situation underlying the case. The trial court concluded that the pleadings were closed and decided not to consider the affidavit for purposes of ruling on the motion for judgment on the pleadings. The trial court granted the motion for judgment on the pleadings and subsequently denied a motion for reconsideration filed by Pope. This appeal followed.

## DECISION

The resolution of this case revolves around the question of whether there were issues of fact remaining when the trial court granted judgment on the pleadings. After carefully reviewing the pleadings of the case and the nature of the claims alleged, we conclude that there were unresolved issues of fact.

■ SDCL 15–6–8(b) provides that:

A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.... When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder.

That is exactly what Pope did. Pope's position is clear from its answer: Korstad is entitled to be paid, but only by the third party defendants or from the proceeds of the mechanic's lien claim initiated against the third party defendants. Additionally, Pope specifically requested the court to limit Korstad's recovery to the proceeds of the mechanic's lien foreclosure, to determine the respective interests of the parties to the proceeds of the mechanic's lien foreclosure, and to distribute such proceeds accordingly.

■ The trial court granted judgment on the pleadings under SDCL 15–6–12(c) which provides, in part, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings provides an expeditious remedy to test the legal sufficiency, substance, and form of the pleadings. *Hauck v. Bull*, 79 S.D. 242, 110 N.W.2d 506 (1961). However, it is only an appropriate remedy to resolve issues of law when there are no remaining issues of fact. *Id.*

■ The factual pleadings of both parties are sparse. For instance, Korstad makes absolutely no factual averments to

support its claim that Pope owes it the alleged amount. *See generally* SDCL 15–6–84 (Appendix of Forms). Korstad does not even specifically allege that a contract existed between Korstad and Pope. Despite the brevity of Korstad's complaint, Pope inferred from the complaint that Korstad was alleging a contract claim.

In its answer, Pope admitted that Korstad was owed money but alleged that the money was owed by the third party defendants. Pope did not specifically allege the existence of privity between Korstad and the third party defendants, just as Korstad had not specifically alleged the existence of a contract. Just as the allegation of a contract was implied in the complaint, the allegation of privity was implied in the answer and third party complaint. *See Norwest Bank Black Hills v. Credit Union,* 433 N.W.2d 560 (S.D.1988) (not necessary to plead "duty" in a negligence case where the existence of a duty may be logically inferred from the claim). Given this concept of notice pleading, it cannot be said that Korstad did not have notice of the nature of Pope's claims and defenses.

It follows that genuine issues of fact remained to be resolved, including: what type of contract, if any, existed between Korstad and Pope; if a contract existed what were its terms concerning whose obligation it was to pay Korstad; and, was there privity between Korstad and the third party defendants.\* We conclude that genuine issues of fact remained to be resolved and that the trial court erred in granting judgment on the pleadings.

Reversed and remanded.

---

\* The trial court chose not to consider the affidavit proffered by Pope immediately prior to the hearing on the motion for judgment on the pleadings. The trial court, in its memorandum decision, noted that:

> If the Court were to consider the affidavit of Pope, which it does not, there would be interjected into this lawsuit the fact question as to whether or not there was an oral agreement between [Korstad] and [Pope] concerning whose obligation it was to pay [Korstad].

*That would be fatal to [Korstad's] motion.* (emphasis added).

The trial court exercised its discretion under SDCL 15–6–12(c) and decided not to consider the affidavit. We *do not* find that the trial court abused its discretion in excluding the affidavit. We conclude that the same issues of fact raised by the affidavit and noted by the trial judge are, in fact, raised by the answer and third party complaint. We have not considered the affidavit in reaching our decision.