#26948-rev & rem-GAS

**2014 S.D. 73**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

ESTATE OF STEVEN C. LESTER,
DECEASED.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE WALLY EKLUND
Judge

* * * *

SCOTT SUMNER
Rapid City, South Dakota                    Attorney for appellant
                                            Michelle L. Lamphere.


ROBERT J. GALBRAITH
JOHN C. NOONEY of
Nooney, Solay & Van Norman, LLP
Rapid City, South Dakota                    Attorneys for appellee/Estate of
                                            Steven C. Lester.

* * * *

CONSIDERED ON BRIEFS
ON OCTOBER 6, 2014
OPINION FILED **10/29/14**

#26948

SEVERSON, Justice

[¶1.]     Pamela Lester, personal representative of Steven C. Lester's estate, published a Notice to Creditors advising them to file claims within four months of the notice. She also mailed a notice directly to Michelle Lamphere which provided a later deadline by which Lamphere needed to file her claim. Lamphere complied with the deadline established in the personal notice she received, but Pamela Lester denied the claim. Lamphere then filed a petition to allow the claim. Pamela Lester moved to dismiss the claim as barred by the statute of limitations provided for creditors' claims. The circuit court granted the motion to dismiss, finding that Lamphere was an unknown creditor whose claim was barred four months after publication of the Notice to Creditors rather than the time stated in the letter mailed directly to Lamphere. Lamphere appeals.

## Background

[¶2.]     Steven C. Lester died on August 17, 2011. Pamela Lester (PR Lester) was appointed as the personal representative of the estate on August 24, 2011. She filed a Notice to Creditors on August 25, 2011. The notice gave creditors four months to file their claims and was published in the Rapid City Journal once each week for three successive weeks, beginning on September 3, 2011. Any unknown creditors that were subject to this publication had until January 3, 2012, to make claims. At some point in time, PR Lester became aware of an alleged claim by Michelle L. Lamphere. PR Lester mailed a Notice to Creditors directly to Lamphere on February 3, 2012. The notice to Lamphere stated that Lamphere must file her claim by April 10, 2012. Lamphere met that deadline by mailing a claim letter,

received by PR Lester on April 10, 2012. On May 18, 2012, PR Lester filed A Notice of Disallowance of Claim dated April 24, 2012. On July 3, 2012, in response to the disallowance, Lamphere sent a Petition for Allowance of Claim by Michelle L. Lamphere to PR Lester. On August 23, 2013, PR Lester filed a Motion to Dismiss Petition for Allowance of Claim by Michelle Lamphere, alleging that it was untimely filed according to SDCL 29A-3-804. Honorable Judge Wally Eklund held a hearing on the motion on November 20, 2013. No evidence was presented at the hearing. The circuit court found that Lamphere was an unknown creditor and SDCL 29A-3-801(c)(3) barred her claim because it was not filed within four months after the publication of the Notice to Creditors. If Lamphere had been a known creditor then she was entitled to the notice mailed to her and her claim would have been valid under SDCL 29A-3-801(b). Lamphere appeals. She asserts that the court erred by granting the motion to dismiss because a genuine issue of material fact exists as to whether Lamphere is an unknown, known, or reasonably ascertainable creditor.

### Standard of Review

[¶3.]    SDCL 29A-1-304 provides: "[u]nless specifically provided to the contrary in this code or unless inconsistent with its provisions, the rules of civil procedure, including the rules concerning vacation of orders and appellate review, govern formal proceedings under this code." Therefore, we consider PR Lester's motion to dismiss as a motion for judgment on the pleadings under SDCL 15-6-12(c). "Judgment on the pleadings provides an expeditious remedy to test the legal sufficiency, substance, and form of the pleadings. However, it is only an

appropriate remedy to resolve issues of law when there are no remaining issues of fact." *Korstad-Tebben, Inc. v. Pope Architects, Inc.,* 459 N.W. 2d 565, 567 (S.D. 1990) (citation omitted).

## Analysis

[¶4.]        PR Lester's Motion to Dismiss Petition for Allowance of Claim by Michelle L. Lamphere asserted that the petition was filed outside the statute of limitations in SDCL 29A-3-804. The brief filed by PR Lester in support of the motion to dismiss in circuit court asserted for the first time that it was SDCL 29A-3-803(a)(1) that barred Lamphere's claim, and the circuit court agreed. SDCL 29A-3-803(a)(1) provides that creditors' claims are barred "[a]s to creditors barred by publication, within the time set in the published notice to creditors." If Lamphere is subject to this provision, then she filed her claim too late. She would have had to file her claim by January 3, 2012. However, the personal representative must:

> give written notice by mail or other delivery to a creditor of the decedent, who is either known to or reasonably ascertainable by the personal representative, informing the creditor to present the claim within four months after the date of the personal representative's appointment, or within sixty days after the mailing or other delivery of the written notice, whichever is later, or be forever barred.

SDCL 29A-3-801(b). Therefore, if Lamphere was a known or reasonably ascertainable creditor, she was entitled to the notice that PR Lester mailed to her, and her claim was timely filed within the four months given by that notice.

[¶5.]        The circuit court made a variety of factual findings, leading it to ultimately conclude that Lamphere was an unknown creditor—a material fact it needed to address before it could determine which statutory provision provided the

correct statute of limitations—and granted judgment to the estate.*  Nothing in the record would suggest that this is an undisputed fact.  There is a complete lack of record on the issue, and the circuit court took no evidence at the hearing.  Lamphere's status as a known, reasonably ascertainable, or unknown creditor was disputed by the parties at the motion hearing.  It appears that the court arrived at its factual conclusions solely by relying on the facts as represented in PR Lester's brief and her attorney's arguments at the motion hearing.  As a result, the circuit court erred when it decided a disputed material fact at this stage of the proceedings.

### Conclusion

[¶6.]     On a motion to dismiss, the circuit court resolved a disputed question of material fact regarding Lamphere's status as a creditor and granted judgment to the estate of Steven C. Lester.  This was an improper factual finding at this stage of the proceedings.  Genuine issues of fact remain to be resolved and the circuit court erred in granting judgment to the estate.  We reverse and remand for proceedings not inconsistent with this opinion.

[¶7.]     GILBERTSON, Chief Justice, and ZINTER, and WILBUR, Justices, concur.

[¶8.]     KONENKAMP, Justice, deeming himself disqualified, did not participate.

---

*     The parties use the terminology "statute of limitations."  The distinction between a "statute of limitations" and a "nonclaim statute," which require different due process considerations, is not determinative of the issue in this case so we are not addressing it.  *See generally, Tulsa Prof'l Collection Servs., Inc. v. Pope,* 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed. 2d 565 (1988).