HAREID, Respondent, v. RISTY et al., Appellants.

(178 N. W. 948.)

(File No. 4697.   Opinion filed August 16, 1920.)

1.  Fees—Fees of Circuit Clerk—Statute Against Reduction of Salary During Term of Office, Whether Including Fees As "Salary"—Statutes Construed.

Laws 1919, Ch. 148, Sec. 3, providing at its end that in no county shall salary of any officer mentioned therein be reduced by provisions thereof during his present term of office, does not embrace fees as part of circuit clerk's salary; the salary therein referred to being that prescribed by Sec. 5819, Rev. Code 1919, before its amendment by said Ch. 148, which salary was based on assessed valuation of county property, instead of population (as provided by Sec. 2, said Ch. 148;) moreover, Sec. 9908, Rev. Code 1919, declaring such clerk shall, for performing

certain services therein specified concerning vital statistics, receive fees provided for such statistical officer in addition to the regular salary fixed by law, clearly differentiates such fees from the fixed salary theretofore provided by Sec. 5819, Rev. Code 1919.

2.  **Fees—Fees of Circuit Clerk as Vital Statistician—"Fees" As Salary—Statutes Compared, Construed—Proviso, Whether Repealing "Fees" Provision.**

Laws 1905, Ch. 63, provided for collection, etc., of vital statistics, and requiring reports by persons named to be filed with circuit clerk, to be by him reported to State Superintendent of Census and Vital Statistics, and provided (Sec. 24) certain fees to persons making reports to clerk, required clerk to make list of persons making returns, and that clerk certify amount due each person "including his own fees * * which amounts shall be allowed by the Board of County Commissioners * * and warrants for the amounts due each person shall be issued." Laws 1907, Ch. 246, Sec. 1, constitutes clerks of courts in the several counties superintendents of vital statistics for their several counties, and empowered them to enforce provisions of said Chap. 63. Laws 1915, Ch. 109, amended Sec. 25, Ch. 63, Laws 1905, by adding at its end: "It being the purpose of this act to grant the Clerks of Courts the vital statistics fees provided for such officers by this Act, in addition to the regular salary fixed by law." Sec. 24, thus amended, became incorporated into Sec. 9908, Rev. Code 1919. Laws 1919, Ch. 148, regulating salaries of clerks of court and various other county officers, amended Secs. 5818, 5819 and 5920, and repealed Sec. 5936, said Code; the amended sections regulating salaries on a population basis. Sec. 5819 as amended, provided in part: "The annual salaries of the * * Clerk of Courts, * * of the several counties * * shall be regulated and fixed by the population of the several counties, * *   Provided, that the salaries hereinbefore provided shall be full compensation for all services rendered by such county officials under any and all laws of this state, and that all fees and per diem collected * * shall be paid by such county officials to the County Treasurer of their respective counties." **Held,** that this proviso, by necessary implication, repeals the last clause in Sec. 9908, declaring "the intent of this article," etc.; this also in view of Sec. 9907, Rev. Code 1919, declaring that "the clerk of courts" shall receive the fees therein specified for his services as vital statistician; that the salary fixed by said Ch. 148 was intended to be in lieu of the salary and of all fees theretofore paid to clerk out of county general fund.

Appeal from Circuit Court, Minnehaha County. Hon. John T. Medin, Judge.

Proceeding by Odean Hareid, against A. G. Risty and others as the Board of County Commissioners of Minnehaha County, South Dakota, and E. H. Shenkle as County Auditor of said county, for a writ of mandamus requiring defendants to issue to plaintiff a warrant for certain fees alleged to be due him as Superintendent of Vital Statistics. From an order overruling a demurrer to the complaint, and from an order granting a peremptory writ of mandamus, defendants appeal. Reversed, with directions to dismiss the writ.

*L. E. Waggoner*, State's Attorney, *Byron S. Payne*, Attorney General, and *E. R. Winans*, Assistant Attorney General, for Appellants.

*George J. Danforth*, for Respondent.

(2) To point two of the opinion, Respondent cited: 25 R. C. L., page 922, Section 171, 177; Adams v. People, 55 Pacific 806; Secs. 7063, 9907, Rev. Code 1919.

SMITH, J. The sole question presented upon this appeal is the right of plaintiff, who is clerk of the circuit court in and for Minnehaha county, to certain fees claimed to have been earned as superintendent of vital statistics of the said county, from July 1, 1919, to January 1, 1920. This appeal is from an order overruling defendant's demurrer to the complaint and an order granting a peremptory writ of mandamus. The complaint is concededly sufficient to raise the question of plaintiff's right to recover, provided he is entitled to such fees under the existing statutes.

In 1905, the Legislature passed the first act (chapter 63, Laws 1905) providing for the collection, preservation, and publication of vital statistics, and requiring all reports by persons named to be filed and recorded in the office of the clerk of the circuit court, to be by him reported to the state superintendent of census and vital statistics. The act provided certain fees to persons making reports to the clerk, and also requires the clerk to make a list of all persons making returns, and to certify the amount due to each person "including his own fees * * * which amount shall be allowed by the boards of county commissioners of the several counties of the state, and warrants for the amounts due each person shall be issued." Section 24. The fees of the clerk were 25 cents for each birth and death certificate received,

entered, and transmitted to the superintendent of census and vital statistics, and a fee of 10 cents for each abstract of divorce or naturalization record transmitted by him, and "all such fees to be paid out of the general fund of the county." ·

In 1907 (Laws 1907, c 246), an act was passed, entitled "An act supplementary to chapter 63 of the Laws of 1905, relating to the collection, preservation and publication of vital statistics," which provided that: "The clerks of court in the several counties of the state are hereby constituted superintendents of vital statistics for their several counties" (section 1), and empowered them to enforce the provisions of chapters 63. In 1915 an act was passed (chapter 109, Laws 1915, the title being defective,) which amended section 24, c. 63 of the Laws of 1905, by adding at the end of said section the following:

"It being the purpose of this act to grant the clerks of court the vital statistics fees provided for such officers by this act in addition to the regular salary fixed by law."

Section 24, as thus amended, however, was incorporated into section 9908, Revised Code 1919, and became a part of the body of laws then enacted. At the same session the Legislature passed chapter 148 (Session Laws 1919), entitled "An act relating to salaries of the county treasurer, auditor, clerk of courts, register of deeds and superintendent of schools, amending sections 5818, 5819 and 5920 and repealing section 5936 of the South Dakota Revised Code of 1919." The three sections thus amended regulate salaries of various county officers, including clerks of courts, upon a population basis, while section 5936 repealed, prescribed a fixed salary for the County Treasurer. Section 5819, as amended, provides that—

"The annual salaries of the county auditors, the county treasurer, the clerk of courts, the superintendents of schools and the register of deeds of the several counties of this state shall be regulated and fixed by the population of the several counties as shown by the last state or federal census; Provided that the salaries hereinbefore provided shall be full compensation for all services rendered by such county officials under any and all laws of this state and that all fees and per diem collected under the laws of this state by any such county officials shall be paid by such

18—Vol. 43, S. D.

county officials to the county treasurer of their respective counties."

Section 3, c. 148, Laws of 1919, at the end of the section provides that—

"In no county shall the salary of any officer mentioned in this section be reduced by the provisions hereof during his present term of office."

[1] Respondent urges that under this provision of the statute he is entitled, in any event, to fees accruing during his unexpired term, for the reason that such fees are part of the clerk's salary. Respondent is in error. The salary referred to is the annual salary prescribed by section 5819, in force before the amendment, and which was based on assessed valuation, instead of population. Section 9908, which declares that he shall receive fees provided for such officer in addition to the regular salary fixed by law, clearly differentiates such fees from the fixed salary theretofore prescribed by section 5819, and indicates that such fees were not deemed a part of such salary.

[2] The precise question decisive of this appeal is whether the proviso contained in the amendment to section 5819 constitutes an implied repeal of the final clause of section 9908, Rev. Code 1919. We are of the view that the proviso, by necessary implication, repeals the last clause of section 9908, which declares it to be the "intent of this article to grant the clerk of courts the vital statistics fees provided for such officers by this article, in addition to the regular salary as fixed by law." Section 5819, Rev. Code 1919, as amended by chapter 148, Laws 1919, fixes the very salaries referred to in section 9908, and declares that such salaries shall be "full compensation for all services rendered [by such clerks] under any and all laws of this state."

It may be noted that section 9907 specifically declares that that the fees in controversy here are to be paid by the county to the clerk of courts, and not to the county superintendent of vital statistics. Clearly the salary fixed by chapter 148, Laws 1919, was intended to be in lieu of the salary, and of all fees heretofore paid to the clerk out of the county general fund.

It follows that the trial court erred in granting a peremptory writ requiring the county to pay such fees.

The order and judgment are reversed, with directions to trial court to dismiss the writ.