MINNEHAHA COUNTY, Appellant, v. FOSTER, Respondent.

(249 N. W. 688.)

(File No. 7496. Opinion filed July 18, 1933.)

*M. Q. Sharpe,* of Kennebec, and *Walter Conway, G. Norton Jameson,* and *Louis N. Crill,* all of Sioux Falls, for Appellant.

*Odean Hareid,* of Sioux Falls, for Respondent.

RUDOLPH, P. J. This case involves the right of the defendant, clerk of courts and local registrar of vital statistics of Minnehaha county, S. D., to retain as his own the fees collected under the provisions of chapter 267, Laws 1931. The trial court sustained a demurrer to the complaint filed by Minnehaha county, wherein it was sought to recover from the defendant the fees col-

lected under the provisions of the said law. The plaintiff county has appealed from the order sustaining the demurrer.

Following the decision of Hareid v. Risty, 43 S. D. 270, 178 N. W. 948, the Legislature enacted chapter 92, Laws 1920 (2d Sp. Sess.), wherein it was provided in section 7 thereof: "Clerks of Courts shall be entitled to receive all fees provided by this article for such officers in addition to their salaries as fixed by law."

This 1920 enactment settled the question of the right of the clerks of courts to retain the vital statistic fees as their own. Following that enactment, and until 1931, there was no controversy over this matter, and the clerks of the court received such fees in addition to their salaries as provided by law. The 1931 Legislature enacted chapter 267, Laws 1931, which purports to be a comprehensive law providing for and relating to the "Collection, Recording and Preservation of Vital Statistics." This 1931 law expressly repealed chapter 92, Laws 1920 (2d Sp. Sess.), and does not contain any express provision, such as contained in the 1920 law, to the effect that the clerks of courts shall be entitled to receive the vital statistic fees in addition to their salaries provided by law. This 1931 law does provide, however, in section 4 thereof: "The Clerk of Courts shall be entitled to a fee of ten cents for each abstract of marriage, divorce and naturalization record transmitted by him. Such fees to be paid out of the general fund of the county as herein provided."

It further provides in section 19 thereof: "Each local registrar [who is the clerk of courts] shall be paid the sum of twenty-five cents for each birth certificate and each death certificate properly and completely made out and registered with him, and correctly recorded and promptly returned by him to the State Director of Vital Statistics, as required by this act. * * * All amounts payable to a local registrar under the provisions of this section shall be paid by the treasurer of the county in which the registration district is located, upon certification by the State Director of Vital Statistics."

We are of the opinion that by inserting these two provisions in the 1931 law, relative to the payment of the fees to the clerk of courts or registrar, the Legislature clearly evidenced an intention that the clerk of courts should be paid these fees in addition to his regular salary.

The situation is different now than it was at the time the case of Hareid v. Risty, supra, was decided. The history of the vital statistics law is set out in the opinion in the Risty Case, and it shows that prior to 1919 the law expressly provided that these fees should be retained by the clerks in addition to their regular salary. In 1919, the Legislature passed an act, chapter 148, Laws of 1919, relating to salaries of county officers, including the clerk of courts, and therein provided: "That the salaries hereinbefore provided shall be full compensation for all services rendered by such county officials under any and all laws of this state and that all fees and per diem collected under the laws of this state by any such county officials shall be paid by such county officials to the county treasurer of their respective counties." Section 2.

The situation which confronted the court in the Risty Case was, therefore, that the Legislature had enacted the said chapter 148, Laws 1919, at a time when the clerks of courts were being paid these fees in addition to their regular salaries. The situation which now confronts the court is that the Legislature, at a time twelve years after the enactment of chapter 148, Laws 1919, has enacted a law which provides that the county treasurer (the same official to whom the 1919 law says the fees collected by a county officer shall be paid) shall pay to the clerk of courts the fees provided under the provisions of the 1931 law. It does not seem reasonable to conclude that the Legislature intended to provide by the 1931 law that the county treasurer should pay these fees to the clerk of courts in order that the clerk of courts might, under the provisions of the 1919 law, repay these fees to the county treasurer. We, therefore, conclude that, when the Legislature again provided in 1931 that these fees should be paid to the clerk of courts by the county treasurer, it was the intent of the Legislature that these fees should be retained by the clerk.

The order appealed from is affirmed.

All the Judges concur.