JACOBI, Respondent, v. CLARKSON, et al, Appellants.

(244 N. W. 535.)

(File No. 7153.  Opinion filed October 10, 1932.)

*Chas. L. Brady*, State's Attorney, of Buffalo, and *Dan McCutchen*, of Belle Fourche, for Appellants.

*W. M. Bennett*, of Buffalo, and *Atwater & Helm*, of Sturgis, for Respondent.

CAMPBELL, P. J.  Plaintiff, Jacobi, is auditor of Harding county, which contains sixty or more congressional townships. Section 5822, Rev. Code 1919, provides that in such cases "the county auditor shall be paid a salary of not less than eighteen hundred dollars per annum" (payable monthly by virtue of section 5821, Rev. Code 1919).  Plaintiff auditor presented to the county commissioners each month his salary claim in the amount of $150. Each month the commissioners rejected the claim at $150, but allowed and paid it at $125.  This continuing for thirteen months, plaintiff instituted this proceeding in circuit court by mandamus to require the defendant commissioners to allow his claim of $325, being the $25 per month they had deducted from his salary claim for thirteen months.  The plaintiff auditor prevailed below, and defendants have attempted to appeal.

Appellants seek to present two points.  They say, first, that mandamus is not the proper remedy.  In this they are clearly wrong.  The salary of the auditor is fixed by law.  The allowance of the claim therefor monthly by the commissioners is a purely formal and ministerial matter and a part of the machinery for payment.  The duty of the commissioners is to allow the claim in the amount the law prescribes.  They have no discretion whatever in the premises.  Clearly mandamus will lie to compel the performance of the duty.  Mullen & Rouke v. Dwight, 42 S. D. 171, 173 N. W. 645; Mildenstein v. Hirning, 49 S. D. 558, 207 N. W. 979; Johnson v. Jones, 52 S. D. 64, 216 N. W. 584.  See, also, note, 5 A. L. R. 572.

Appellants' second contention is that section 5822, Rev. Code 1919, was repealed by implication by chapter 148, Laws 1919.  The

title of article 9 of chapter 1 of part 7 of title 6, Revised Code 1919, being sections 5817-5823, is "Basis of Salaries."

Section 5817 prescribes how the assessed valuation of the property of the county shall be determined when it is material in computing salaries.

Section 5818 provides how the population of the county shall be determined when it is material.

Section 5819 provides that the salaries of certain county officers, including the auditor, shall be regulated and fixed by the assessed valuation and population of the counties.

Section 5820 provides how those salaries shall be computed with reference to valuation and population.

Section 5821 provides that the salaries shall be paid monthly.

Section 5822 fixes certain minimum and maximum salaries regardless of population and valuation.

Section 5823 relates to disposition of fees of office.

At the same session that the 1919 Code was enacted there was passed chapter 148, Laws 1919.

Section 1 specifically amends Rev. Code 1919, § 5818, with relation to how population shall be determined when it is material to salaries.

Section 2 of the act is a specific amendment of Rev. Code 1919, § 5819; the effect of the amendment being that salaries shall be determined according to population instead of according to valuation and population.

Section 3 of the act is a specific amendment of section 5820, and provides for the computation of salaries of the various officers on a population basis instead of a combined basis of population and valuation as section 5820 provided.

Section 4 of the act is a specific repeal of Rev. Code 1919, § 5936 (referring solely to the salary of county treasurers), and a repeal of "all other acts and parts of acts in conflict with the provisions of this act."

The last portion of section 3 of the amendatory act, being the section which amends section 5820, fixes certain maximum salaries for clerks of courts, registers of deeds, and superintendent of schools, and a minimum salary for the superintendent of schools, but makes no mention whatever of the county auditor.

The so-called "blanket repeal" purporting to repeal "all acts and parts of acts inconsistent, etc.," of course adds nothing to the repealing effect of the statute. See an interesting discussion in XLV Harv. Law Rev., p. 364, entitled "Blanket Repeals: The Draftsman's Delusion," which points out that such phrase " * * * at best, is mere surplusage; at worst, it may, paradoxically, lead a court to hold operative an act which the legislature probably wished to discard."

■■ The question then is whether the provision of section 5822, that the county auditor's salary shall be not less than $1,800 per year in counties containing sixty or more congressional townships, is repealed by necessary implication by chapter 148, Laws 1919. It seems to us very clear that it is not. A decision of this court in Hareid v. Risty, 43 S. D. 270, 178 N. W. 948, holding that the amendment of section 5819 by section 3 of chapter 148, Laws 1919, repealed by implication a portion of section 9908, Rev. Code 1919, with relation to certain fees of the clerk of courts is not at all in point. Repeals by implication are not favored and will be indulged only where there is a manifest and total repugnancy. If, by any reasonable construction, both acts can stand, they should. B. H. Flume, etc., Co. v. Grand Island, etc., Co., 2 S. D. 546, 51 N.W. 342; Coler v. Rhoda, etc., 6 S. D. 640, 63 N.W. 158; Brookings County v. Sayre, 53 S. D. 350, 220 N. W. 918. The Attorney General in a carefully considered opinion passed on this precise question, and held that the amendatory act did not affect the minimum salary of the county auditor as established by section 5822 (Report of Attorney General 1927-28, p. 161), and we think it clear that his opinion was sound.

■ Respondent in his brief points out a procedural defect in the attempted appeal which would be enough of itself to require affirmance regardless of the merits. There was no motion for new trial, and consequently there were no specifications of error in the court below. The only thing in appellants' brief by way of assignment of error on the present appeal is as follows:

"Assignments of Error.
"Defendants assign as error
"I. The order of the trial Court overruling Defendants' Motion to Quash.

"II. The order of the trial Court sustaining Plaintiff's Demurrer to Defendants' Answer.

"III. The trial Court's Finding of Fact.

"IV. The trial Court's Conclusions of Law.

"V. The Peremptory Writ of Mandamus Herein.

"VI. The Judgment herein."

Respondent argued at length in his brief, with citation of authority, that these so-called assignments were insufficient to present anything for review. Appellants made no effort to move for leave to amend their brief or insert proper assignments. The attempted assignments exhibit an entire disregard of Rule 4 of this court, and affirmance would be justified on this ground alone. First Nat. Bk. v. Wollman, 57 S. D. 171, 231 N. W. 539.

The judgment appealed from is affirmed.

All the Judges concur.