SECURITY STATE BANK, et al, Respondents, v. BREEN, et al, Appellants.

(277 N. W. 497)

(File No. 8134. Opinion filed February 4, 1938)

*Tom Kirby,* of Sioux Falls, for Appellants.
*Churchill & Benson,* of Huron, for Respondents.

RUDOLPH, J. This is an appeal from an order overruling a demurrer to plaintiffs' complaint. The complaint alleges that the

plaintiffs constitute all the banks located in Miner county, S. D.; that the defendant W. A. Breen is the duly elected, qualified, and acting treasurer of Miner county, and that the defendant Western Surety Company is the surety on his official bond; that the defendants Truman, Putnam, Hanson, Harter, and Betchel constitute the Board of County Commissioners. Plaintiffs further allege that the capital structure of the plaintiff banks is as follows: Security State Bank, capital $15,000, capital debentures, $18,000.00; Farmers State Bank, capital $20,000, capital debentures, $20,000; Miner County Bank, capital $20,000, surplus $7,000. The complaint then alleges that all of the plaintiff banks have been designated as general depositaries under section 6888, R. C. 1919, and acts amendatory thereto, and also as active depositaries as provided by chapter 80, Session Laws 1927; that shortly following July 1, 1937, the defendant county treasurer, acting upon the advice of the surety upon his official bond, withdrew all of the county funds from the said banks in excess of the amount of the capital stock and surplus of said banks exclusive of the capital debentures, deposited such moneys in banks outside the county, and continues to keep such moneys deposited in banks outside of the county and banks other than the plaintiff banks. It is further alleged that the withdrawal of these deposits by the county treasurer results in loss and damage to the plaintiff banks. It is alleged that the defendant Breen advised the plaintiff banks that the withdrawal of the said funds from the said banks and the depositing of said funds in banks outside of the county was due to the fact that he had been advised that chapter 79, Laws of 1937, repealed chapter 80 of the Laws of 1927, which law relates to active depositaries and their designation; and he had also been further advised that the capital debentures of the said banks constitute no part of their capital within the meaning of said chapter 79, Laws of 1937. The action is brought under the provisions of the Uniform Declaratory Judgment Act, chapter 214, Laws of 1925, and seeks a judgment decreeing that chapter 80, Laws of 1927, is in full force and effect, and that the plaintiffs having been designated as active depositaries thereunder are entitled to receive deposits of county funds in excess of the capital and surplus of said banks, and, further, that the capital debentures issued by the plaintiff banks be decreed to

constitute a part of the capital of said banks within the meaning of chapter 79, Laws of 1937.

 The trial court entered an order as follows:

"* * * the Court being fully advised in the premises and being of the opinion that chapter 80 of the Session Laws of 1927, which law provides for active depositaries of county funds, was in no manner repealed by chapter 79 of the Session Laws of 1937, which chapter amends section 6888 of the South Dakota Revised Code for the year 1919, it being the view of the Court that chapter 79 of the Session Laws of 1937 applies only to regular depositories of county funds and has to do with a different subject than chapter 80 of the Session Laws of 1927, which active depositories are in the opinion of the Court different and distinct from the depositories designated by chapter 79 of the Session Laws of 1937.

"And it further appearing to the Court that capital debentures or capital notes are a part of the lawful capital of plaintiff banks and said banks are entitled to have the amount of said notes included in computing the amount of their capital stock; now, therefore,

"It is ordered that said Demurrer of the defendants to the complaint of the plaintiffs be and the same is hereby in all things overruled and denied."

Section 2, chapter 214, Laws of 1925, provides, as follows: "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question or construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

We are of the opinion that plaintiffs may maintain this action under the said chapter 214. Under the decisions of this court, plaintiffs' interest as taxpayers, we believe, would be sufficient to entitle them to maintain this action. State ex rel. Adkins v. Lien, 9 S. D. 297, 68 N. W. 748; State ex rel. Schilling v. Menzie, 17 S. D. 535, 97 N. W. 745; Weatherer v. Herron, 25 S. D. 208, 126 N. W. 244. However, plaintiffs have a special interest in the

question here involved. If chapter 80, Laws of 1927, is still in force and effect after the enactment of chapter 79, Laws of 1937, the plaintiff banks, which constitute all the banks in the county, are entitled to county deposits under the provisions of said 1927 act, which act the complaint alleges the county treasurer ignored when he withdrew the deposits and placed the money in banks outside the county. Strain v. Potter County, 63 S. D. 24, 256 N. W. 147.

While moot or theoretical questions cannot be litigated under the said chapter 214, Laws of 1925, nor can actions be brought for free advice where there is no existing controversy, nevertheless, we think the facts here present a situation which is neither moot nor theoretical. A real controversy exists which is sufficient to invoke the action of the court under the statute. Much has been written regarding the type of controversy neccessary to invoke the action of the court and have it declare rights under declaratory judgment statutes. See Borchard Declaratory Judgments, chapter 2. It seems to us the best statement is to be found in the case of Miller v. Miller, 149 Tenn. 463, 261 S. W. 965, 972, wherein the court said: "The question must be real, and not theoretical; the person raising it must have a real interest, and there must be some one having a real interest in the question who may oppose the declaration sought. It is not necessary that any breach should be first committed, any right invaded, or wrong done. The purpose of the act, as expressed in section 12 thereof, is to 'settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and to be liberally construed and administered.'"

The question here involved is real and not theoretical. The plaintiffs have a real interest in that they are entitled to receive the deposits of the county treasurer unless chapter 80, Laws of 1927, has been repealed by the subsequent legislative act. Certainly, the county treasurer has an interest in the question involved, in that it relates specifically to his duty in connection with the deposits of county money, and he is here as a party defendant opposing the declaration which the plaintiffs seek.

Chapter 79, Laws of 1937, is an amendment of section 6888, R. C. 1919. This section of our Code had been amended

three times prior to the 1937 amendment. See chapter 297, Laws of 1923; chapter 295, Laws of 1925; chapter 98, Laws of 1929. This 1937 amendment did not, nor did any of the preceding amendments, in any manner affect the limitation placed upon the deposits of county funds made by the treasurer, as that limitation was fixed by the said section 6888. The amendments relate principally to the interest the county should receive upon such deposits and to the manner in which such deposits should be secured. Chapter 80, Laws of 1927, does not purport to in any way repeal or amend section 6888 or any of the amendments thereto. It does specifically provide that the limit of deposit, as provided in chapter 295, Laws of 1925, which is an amendment of section 6888, shall not apply to banks designated as active depositaries. Clearly the Legislature intended in the enactment of the said chapter 80, Laws of 1927, to supplement the said section 6888, as that section had been amended, and to specifically provide that the limitation placed upon county deposits should not apply to banks designated as active depositaries. We believe it clear that, when the Legislature in 1929 and again in 1937 amended the said section 6888, but left therein the same limitation that was placed upon county deposits in the original section 6888, there was no intention to repeal or in any way disturb the provision made for active depositaries in 1927. There is nothing inconsistent between the limitations placed upon county deposits, as provided in the 1937 law, and the provision made in 1927 for active depositaries.

The said chapter 79 does not purport to expressly repeal chapter 80, Laws of 1927. It does contain the so-called blanket repealing clause to the effect, "All Acts or parts of acts in conflict with this Act are hereby repealed." Section 2. However this phrase is "at best, a mere surplusage." Jacobi v. Clarkson, 60 S. D. 401, 244 N. W. 535, 536. The only question here involved is whether or not chapter 80, Laws of 1927, is repealed by necessary implication. "Repeals by implication are not favored and will be indulged only where there is a manifest and total repugnancy. If, by any reasonable construction, both acts can stand, they should." Jacobi v. Clarkson, supra.

We are entirely convinced that both acts can stand. Active depositaries designated by the county commissioners are excepted

by the provisions of chapter 80, Laws of 1927, from the limitations placed upon county deposits in section 6888, R. C. 1919, and the amendments thereto. Such was the intention of the 1927 Legislature in the enactment of said chapter 80, and the later amendments of section 6888 in no way indicates an intention to the contrary.

The other question presented is whether the capital debentures issued by two of the plaintiff banks might be considered as a part of the "capital and surplus" within the meaning of chapter 79, Laws of 1937. The term "capital," as used in the 1937 law, we are satisfied, refers to the "capital stock" of depositary banks. " 'Capital' and 'capital stock' of a bank, while sometimes used interchangeably, are not one and the same thing. 'Capital' includes the entire assets of the bank whether represented by money paid in for stock, surplus, undivided profits or other property of the bank, while 'capital stock' represents only the total amount derived from the issuance of the shares of stock." Michie on Banks and Banking, vol. 2, p. 6. If the Legislature had intended to use the term "capital" as including the surplus, undivided profits, and other property of the bank, it would have been entirely unnecessary for them to refer to the "surplus" of the bank. The term "capital" would then be generic and include "surplus." It would therefore seem clear that, when the Legislature used the term "capital," it intended to refer to the "capital stock." Should the capital debentures issued by these banks be considered as a part of the capital stock as within the meaning of the said chapter 79? We are convinced they should not. The authority for issuing capital debentures by South Dakota banks is found in section 4, chapter 1, Laws of the Special Session of 1933, as amended by chapter 61, section 2, Laws of 1935. The very law authorizing the issuance of these debentures refers to the capital stock of the bank as something other and different than the debentures. The law, by its terms, contemplates that the so-called capital debenture shall have a specific due date and "may be extended or renewed." No citation of authority is necessary for the statement that capital stock of a bank has no due date or that it would ever become necessary to extend or renew the obligation of the bank incurred by the issuance of capital stock. Clearly, it would seem, these de-

bentures are no part of the capital stock of the bank. It might be that they are a part of the capital assets, but, we believe, the limitation prescribed in the 1937 law upon the deposit refers to the amount of the combined capital stock and surplus of the bank, and does not refer to the entire capital assets of the bank.

It being our opinion that chapter 80, Laws of 1927, is still in force and effect, it follows that the trial court correctly overruled the demurrer to the complaint. The order appealed from, therefore, is affirmed. No costs are to be taxed in this court.

All the Judges concur.