On Rehearing.
HAWTHORNE, Justice.
Act 5 of 1954 authorized the Department of Iiighways through the Board of Highways to issue bonds in an aggregate amount not to exceed $50,000,000 and to pledge for the payment of bonds thus issued one cent of the tax of two cents per gallon levied by R.S. 47:711B on all gasoline or motor fuel sold, used, or consumed in this state, and provided that the State Treasurer should segregate the moneys thus collected and credit these moneys to a special fund to be known as “The Department of Highways, Special Bond Fund”.
On November 19, 1954, the Board of Highways pursuant to the authority conferred by Act 5 of 1954, adopted a resolution authorizing the issuance of $50,000,-000 of bonds of the Department of Highways of the State of Louisiana, pledging for the payment of principal and interest of these bonds one cent per gallon of the gasoline tax levied by R.S. 47:711B.
The following month Andrew P. Tugwell, State Treasurer, and Allison R. Kolb, State Auditor, instituted these proceedings under the provisions of the Uniform Declaratory *677 Judgments Act, R.S. 13:4231 et seq., alleging that a dispute and actual controversy had arisen between them and the Department of Highways with respect to the rights, responsibilities, duties, and legal relations of the parties as to the bonds authorized to be issued by the resolution of the Board of Highways adopted November 19, 1954. In these proceedings the district court entered a decree holding:
“I. That the Department of Highways is a corporate entity, distinct from the State of Louisiana.
“II. That the Department of Highways, through the Board of Highways, may issue bonds which would not constitute an indebtedness of the State of Louisiana.
“III. That insofar as Act No. 5 of 1954 authorizes the State Treasurer to segregate one cent (If) per gallon on gasoline and motor fuel as the proceeds of taxes collected pursuant to R.S. 47:711 (b), and place the same to the credit of ‘The Department of Highways, Special Bond Fund’, and authorizes the Department of Highways to pledge the said funds so received for the payment of principal and interest on any bonds issued by it, [the act] is in violation of Section 22 of Article VI of the Constitution of Louisiana.”
On appeal this declaratory judgment of the lower court was affirmed by us in its entirety. On application this court granted a limited rehearing so that it might give further consideration to the judgment of the' lower court insofar as it held (1) that the Department of Highways is a corporate entity distinct from the State of Louisiana, and (2) that the Department of Highways, through the Board of Highways, may issue bonds which would not constitute an indebtedness of the State of Louisiana.
We granted only a limited rehearing because we were, and still are, convinced that the trial judge was correct in holding Act 5 of 1954 unconstitutional insofar as it authorizes the State Treasurer to segregate one cent per gallon on gasoline and motor fuel as the proceeds of taxes collected pursuant to R.S. 47:711B and to place these funds to the credit of the Department of Highways, Special Bond Fund, and authorizes the Department of Highways to pledge the funds for payment of principal and interest of any bonds issued by it. The judgment of the trial court on this issue is final. The granting of the limited rehearing, however, had the effect of setting aside the judgment of this court in all other respec.ts.
In 1934 the Federal government enacted the Federal Declaratory Judgments Act, 28 U.S.C.A. § 2201 et seq., and at least 35 states of our Union have now adopted the Uniform Declaratory Judgments Act, Louisiana doing so in 1948. R.S. 13:4231 et seq. Courts of this state under the Louisiana statute “may declare rights, status, and other legal relations whether or not further relief is or could be claimed”. R.S. 13:4231. In order for courts to entertain an action for declaratory relief, however, it *679 is well settled in other jurisdictions 'that there must be a justiciable controversy, and the question presented for judicial decision' must be real and not theoretical, as courts' do not give advisory opinions upon abstract questions.' Therefore a declaratory action generally cannot be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on an existing state of facts, and' a declaration of rights must be refused if. the issue presented to the court is academic,, theoretical, or based upon a contingency, which may or may not arise. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; Brown v. Lawrence, 204 Ga. 788, 51 S.E.2d 651; City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d. 411; Security State Bank v. Breen, 65 S.D. 640, 277 N.W. 497; State ex rel. Miller v. State Board of Education, 56 Idaho 210, 52 P.2d 141; Petition of Capital Bank & Trust Co., 336 Pa. 108, 6 A.2d 790. See Anderson, Actions for Declaratory Judgments, v. I, pp. 38-46 (1951); Borchard, Declaratory Judgments, pp. 23-61 (1934). In view of the fact that the Louisiana Declaratory. Judgments Act provides that the act “shall, be interpreted and construed so as to effec-, tuate its general purpose to make uniforip; the law of those states which enact it, and; to harmonize, as far as possible, with f edeffi i al laws and regulations on-'the- subject of’ declaratory judgments and decrees”, it • is‘: proper for us to consider and rely on the authorities cited -above. R.S. 13:4245.
It is clear that our original holding in this case -was too broad when tested by the basic principles set out above. The resolution of the Board of Highways adopted on November 19, 1954, authorized bonds to be issued in compliance with the provisions of Act 5 of 1954, which provided that the board, might issue bonds and dedicate for their payment one cent of the two-cent gasoline tax on motor fuel, etc., to be segregated by' the State Treasurer as set out above. The’ instant declaratory action was brought by interested parties to determine whether; bonds could be issued under the authority of, the above act and resolution.
' In opr original opinion we affirmed the judgment-of the district court that the pro-: visions of Act 5 of 1954 which authorize the, pledging of this tax and the segregation of these -funds for the payment of the bonds are unconstitutional, in violation of Section. 22 of Article 6 of the Constitution of this state. In effect, this was holding that the. Department of Highways was without authority to issue the bonds authorized by its resolution of November 19, 1954; and-for. all: practical purposes this ended the case. .
Whether the Department of Highways is a corporate entity separate and distinct' from the State of Louisiana and whether- as such it may issue bonds which’ would not constitute an indebtedness' of the state are questions which at present are *681 hypothetical, abstract, theoretical, and contingent, and do not present to the court a justiciable controversy admitting'.of specific relief through a .decree of a conclusi.ve •character. Therefore, Sections I and II of the district court’s decree in this case were' in the.nature of .an advisory opinion on an' abstract. question, and consequently these: portions of the lower .court’s judgment will have to be set aside. .
We likewise are without authority to pass, upon these questions under the Declaratory Judgments Act.
The decree of the district court in this case is set aside insofar as it declared the Department of 'Highways to be a corporate entity separate and distinct from the state" and to have authority through the Board-of. Highways to issue bonds which would not constitute an indebtedness of the State of Louisiana.