CUSTER IND. SCH. DIST., et al.,
Respondents v. HOT SPRINGS IND. SCH. DIST., et al.,
Appellants

(232 N.W.2d 838)

(File No. 11533. Opinion filed September 5, 1975)

Allen G. Wilson, Hot Springs, for defendants and appellants.

Joseph M. Butler, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, Hobart H. Gates, Custer, for plaintiffs and respondents.

WOLLMAN, Justice.

Plaintiffs brought this action seeking a declaratory judgment declaring the rights of the parties concerning an area of land that was once a part of Fairburn Common School District in Custer County. Pursuant to stipulation and order, certain patrons within the area affected by this action were permitted to intervene. The trial court ruled that the area in question had been effectively

attached to Custer Independent School District by virtue of an order of the Custer County Board of Education dated February 17, 1972. The Fall River County Board of Education and the Fall River County Auditor have appealed from the judgment. We affirm.

On February 25, 1970, the State Commission on Elementary and Secondary Education attempted to combine a part of Fairburn Common School District No. 33 with Custer Independent School District and another part with Hot Springs Independent School District. It is the latter portion of Fairburn Common School District No. 33 that is the subject of dispute in this case. On January 19, 1972, this court held that the action of the State Commission in attaching the disputed area of Fairburn Common to Hot Springs Independent School District was void. *Custer County Bd. of Ed. v. State Comm. on Elementary and Secondary Ed.*, 86 S.D. 215, 193 N.W.2d 586.

Following the decision in that case, a petition was circulated in February of 1972 asking that the area in question be combined with Hot Springs Independent School District. Pursuant to this petition, an election was held on April 25, 1972, as a result of which the Fall River County Board of Education issued an order on May 3, 1972, annexing the area in question to Hot Springs Independent School District.

In the meantime, on February 17, 1972, the Custer County Board of Education entered the above mentioned order annexing the area in question to Custer Independent School District.

This action was filed on June 5, 1972. The matter was submitted to the court on stipulated facts and exhibits on January 9, 1973. Judgment was entered on April 26, 1974.

Appellants contend that the order entered by the Custer County Board of Education on February 17, 1972, was invalid because the statute that purportedly authorized the Board to attach the disputed area to Custer Independent School District, SDCL 13-6-26, had been repealed by implication in 1971.

Prior to July 1, 1971, the following statutes were in full force and effect:

SDCL 13-6-1, the last paragraph of which provided:

" 'Unorganized territory' as used in chapters 13-1 to 13-46, inclusive, shall mean any area not embraced or included within any organized independent or common school district as such school districts are defined herein and which is not governed by a duly elected school board."

SDCL 13-6-26, which provided:

"Each county board shall attach any and all unorganized territory in its respective county to any adjacent school district or shall create school districts from such territory unless such unorganized territory was caused as a result of an election for school district reorganization. Any school district created or affected by such action shall meet the minimum standards for school districts."

SDCL 13-6-27, which provided:

"If any of the unorganized territory is attached to another school district, a newly elected school board shall not be required, but the residents of the added unorganized territory shall have the privilege of voting in the new district's annual school district election immediately preceding the July first when the change takes effect. If any of the unorganized territory is made a school district and includes no territory from a presently organized school district, the county superintendent shall cause a school board to be elected as provided in §§ 13-6-62 and 13-6-63."

SDCL 13-6-29, which provided:

"After the county board has completed the distribution of the unorganized territory, the county commissioners shall distribute the assets and liabilities in the fund for unorganized territory by prorating it to the school districts receiving a part of such territory in the same proportion as the assessed valuation of the prop-

erty in such part is to the total assessed valuation of all the property in the total amount of unorganized territory in the county before it was distributed."

By virtue of § 17, Ch. 103, Laws of 1971, subdivision (4) of SDCL 13-6-1, which defined "County superintendent," the last paragraph of SDCL -13-6-1, quoted above, and all of SDCL 13-6-27 were repealed. Of the sixteen other sections of Ch. 103, thirteen concerned the transfer of the duties of the county superintendent of schools to the county auditor; one provided for the compensation of the county auditor when acting as clerk of the county board of education; and the remaining two sections concerned the transfer of liabilities and assets of reorganized school districts and the disposition of certain school district records.

Appellants contend that by repealing the definition of unorganized territory set forth in SDCL 13-6-1, the legislature abolished the concept of unorganized territory and thus impliedly repealed the authority granted to county boards of education by SDCL 13-6-26 to attach unorganized territory to adjacent school districts. This implied intention to repeal SDCL 13-6-26 in 1971, argue appellants, was made manifest when that section was specifically repealed in 1973. See § 43, Ch. 85, Laws of 1973. We do not agree.

We start with the proposition that "Repeals by implication are not favored and will be indulged only where there is a manifest and total repugnancy. If, by any reasonable construction, both acts can stand, they should *  *  *". *Jacobi v. Clarkson*, 60 S.D. 401, 404, 244 N.W. 535, 536. See also *Brookings County v. Sayre*, 53 S.D. 350, 220 N.W. 918; *Security State Bank v. Breen*, 65 S.D. 640, 277 N.W. 497; *Argo Oil Corp. v. Lathrop*, 76 S.D. 70, 72 N.W.2d 431. The fact that the legislature may have repealed the definition of unorganized territory is not dispositive of the question whether the concept of organized territory was impliedly repealed. In the absence of a statutory definition of unorganized territory subsequent to July 1,

1972, those words are to be understood in their ordinary sense. SDCL 2-14-1; SDCL 2-14-4.*

■ The fact that the legislature specifically repealed SDCL 13-6-27 and at the same time left untouched SDCL 13-6-26 and 13-6-29 militates against the conclusion that the legislature impliedly repealed the latter statutes. If the area in question was on February 17, 1972, unorganized territory within any common-sense meaning of that term, then it was such whether or not a statutory definition of the term existed. We conclude that the trial court correctly found that the area in question was not attached to or a part of any school district prior to February of 1972. Indeed, one of appellants' proposed findings of fact was in accord with this finding by the trial court. As such unattached area, it was the proper subject of disposition by the Custer County Board under the provisions of SDCL 13-6-26.

■ We conclude that SDCL 13-6-26 and 13-6-29 were not inherently repugnant to or inconsistent with any other statute following the repeal by § 17, Ch. 103, Laws of 1971 of that portion of SDCL 13-6-1 that defined unorganized territory. The fact that the legislature saw fit to specifically repeal SDCL 13-6-26 and 13-6-29 in 1973 can reasonably be interpreted as a recognition by the legislature that the need for such statutory authority had disappeared. Cf. Section 43, Ch. 85, Laws of 1973, which repealed SDCL 13-6-2.1 through 13-6-2.9, the statutes establishing the State Commission on Elementary and Secondary Education. We note that by virtue of SDCL 13-6-9.1 (Sec. 7, Ch. 85, Laws of 1973) the responsibility for annexing unattached area to a school district is now imposed upon the board of county commissioners.

We hold that the trial court was correct in ruling that the order entered by the Custer County Board of Education on

---

* For example, there appears to be no statutory definition of the term "unorganized county," yet after examining the provisions of SDCL 7-4 and 7-5 one can be reasonably sure of the meaning of that term. Likewise, after examining the provisions of SDCL 13-1 to 13-46 one could be reasonably sure of the meaning of "unorganized territory" as that term was used in SDCL 13-6-26.

February 17, 1972, validly attached the area in dispute to Custer Independent School District.

The judgment is affirmed.

All the Justices concur.