STATE of South Dakota, DEPARTMENT OF PUBLIC SAFETY, Plaintiff and Respondent,

v.

Thomas F. CRONIN and Gordon Eastman, Defendants and Appellants.

Nos. 11954, 11955.

Supreme Court of South Dakota.

Argued Jan. 11, 1977.

Decided Feb. 17, 1977.

Judith Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Dana, Golden, Moore & Rasmussen, and Timothy J. McGreevy, Sioux Falls, for defendants and appellants.

MORGAN, Justice.

In each case the defendant was involved with the Sioux Falls Police Department on a charge of DWI. For whatever reason, each refused to submit to the chemical blood analysis after the arresting officer had read him his rights from a standard form card, the contents of which substantially comply with the warning requirements of SDCL 32–23–11. Upon subsequent notification of intent to revoke, each petitioned for hearing before a department hearing officer. The officer's decision in both cases was adverse as evidenced by his entry of orders of revocation.

At this point in the respective procedures, each of the defendants, by their counsel, filed Notice of Appeal to the Circuit Court of Minnehaha County, which Notice of Appeal specified as follows:

"This appeal is made under section SDCL 1967 21–33–1. This appeal is not an appeal from a trial de novo under section SDCL 32–23–12."

The Cronin Appeal was filed on April 18, 1975 and the Eastman Appeal on May 29, 1975.

The Attorney General's Office responded in each case with a motion to dismiss the appeal. The motions were not brought on for hearing until December 2, 1975 and the

circuit court subsequently entered its Orders of Dismissal. These appeals result and because the issues are identical they were joined for argument.

The question posed by the briefs is whether the provisions of SDCL 21–33–1 and SDCL 32–23–12 are compatible and appellant has a choice of routes, or whether the provisions are incompatible and appellant is restricted to an appeal with a trial de novo.

The appropriate portions of the statutes in controversy that were in effect at the time the appeal was initiated in circuit court are as follows:

"32–23–12 *Court review of revocation— Procedure—Trial de novo.*—Any person whose license has been canceled, suspended, or revoked by the department of public safety under the provisions of § 32–23–11 shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the circuit court for the county wherein such person was charged with the violation, and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for trial de novo upon ten days' written notice to the department, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner's license is subject to cancellation, suspension, or revocation under the provisions of § 32–23–11."

"21–33–1 *Appeals to which chapter applicable—Inconsistent special provisions govern.*—In all cases where an appeal is allowed by law from a decision, ruling, or action of any state department, commission, bureau, board, or officer, such appeal shall be taken and conducted pursuant to the provisions of this chapter[1] * * * The provisions of this chapter shall not apply in any instance where inconsistent provisions are elsewhere in this code specifically made."

1. Prior to amendment by Chapter 8 of the Session Laws of 1972, § 21–33–1, in addition to the language of the first sentence quoted above, had provided that the appeal be taken and conducted pursuant to the provisions of that chapter *unless there is other specific provisions for taking and conducting such appeals.* (Emphasis added.)

Chapter 8 of the Session Laws of 1972, amending Chapter 21–33 SDCL, provided that wherever reference is made in the statutes to SDCL 1–26 or SDCL 21–33, or both, relating to procedure in appeals from an administrative agency, it shall be construed to include references to both.

The appeal provision of Chapter 1–26 hereinabove referred to is found at § 30 thereof and provides:

"1–26–30 *Right to judicial review of contested cases—Preliminary agency actions.* —A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter and under procedures set forth in chapter 21–33. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law * * * "

The advent of the administrative appeals in South Dakota appears to have commenced in 1917 when the legislature, in adopting a workmen's compensation statute, Chapter 376 of the Session Laws of 1917, gave the Industrial Commissioner and the Insurance Commissioner, jointly or severally, administrative hearing authorities, and provided for appeals to the circuit court. The Supreme Court of this state on October 5, 1917, adopted the rules and regulations governing the taking and prosecuting of appeals to the circuit court under the provisions of the workmen's compensation law which rules were effective on October 1, 1917. These rules were somewhat modified and reenacted by the Court by Order dated March 12, 1919, effective July 1, 1919, and which reflected some changes due to amendment of the workmen's compensation law by the 1919 Legislature. The 1939 Supreme Court Rule, codified as SDC Chapter 33.42, expanded the previous appellate procedures from "Appeals from Decisions of the Insurance Commissioner and Industrial Commissioner" to "Appeals from Quasijudicial Decisions by State Departments and Officers." Under the 1967 compilation this chapter was compiled as SDCL 1967 Chapter 21–33—Appeals from Administrative Agencies.

In the enactment of the Code of 1939 the legislature included section 65.0106—Rules and regulations of state departments; commissions; boards; officers: method of adoption and promulgation; effective dates; distribution. It also enacted section 55.1203—Rules and regulations: state officers, departments, and commissions; official filing source; duties. This latter enactment constituted the Secretary of State as the official filing source. Both of these 1939 enactments were repealed by the provisions of Chapter 159 of the 1966 Session Laws, An Act Entitled, An Act concerning procedure of state administrative agencies and review of their determination, and being generally denominated as a comprehensive law relating to rules and enforcement of determinations of state agencies and review thereof. This Act, generically described as an administrative procedures act, was later compiled in the 1967 compilation as SDCL 1967 Chapter 1–26 Administrative Procedure and Rules.

The original Implied Consent Law found at Chapter 264 of the Session Laws of 1959 provided for a suspension of license by the commissioner upon notification that a driver had refused to submit to the chemical analysis. The statute further provided that the driver had the right to petition the circuit court for hearing after such revocation and vested the court with the jurisdiction and imposed on it the duty to set the matter for trial de novo. This statute as originally enacted did not provide for an administrative hearing prior to revocation of a license. This was one of the defects noted by the three-judge panel in the case of *Holland v. Parker*, 1973, D.C.S.D., 354 F.Supp. 196, which court held the implied consent statute unconstitutional.

Subsequent to that decision, the 1973 Legislature, prodded by the *Holland* decision, by adoption of Chapter 195 amended § 32–23–11 by interposing the right of a pre-revocation hearing "pursuant to Chapter 1–26 if hearing is demanded".

Section 32–23–11 was again amended by Chapter 199 of the 1976 Session Laws, which amendment clarified the language of the pre-revocation hearing requirement and liberalized to some extent the revocation provision by allowing the commissioner to permit driving under restrictions.

While the portion of the Implied Consent Law dealing with the commission's portion of the revocation procedures underwent great change, the provision regarding the court review remained identical. Nor did the Federal Court in *Holland v. Parker,* supra, make any mention of the provisions for judicial review.

Up to this point the legislatures in enacting the Administrative Procedure Acts and the various amendments had specifically provided that such procedures were not limitations on utilization of or scope of judicial review available under other means. The Implied Consent Law from its inception demonstrated an intention on the part of the legislature to enact a specific statutory means for judicial review, so much so that the original enactment which has never been changed in that respect grants the circuit court jurisdiction and imposes a duty to set the matter for trial de novo.

Appellant having rejected the § 32–23–12 trial de novo appeal, the circuit court apparently felt that there was no choice but to dismiss his purported appeal. Under the state of the law as it was prior to the 1975 amendment, this writer would agree that the circuit judge's decision was correct. However, I feel that the enactment of Chapter 17 of the Session Laws of 1975 completely and effectively repealed the special provisions of § 32–23–12 with respect to the mode and method of the appeal.

That chapter, in addition to repealing the balance of SDCL Chapter 21–33 not previously repealed by the 1972 enactment, made substantial changes in SDCL Chapter 1–26 which this writer feels are significant with respect to the question before us. Section 1 provided for an appeal in the circuit court to any party in a contested case from a final decision, ruling or action of an agency. The state concedes in its brief and oral argument that the decision appealed from to the circuit court was a final decision of an agency. This section is now codified as SDCL 1–26–30.2. Section 2 of the 1975 Session Law provided that notwithstanding any other provision of law, all appeals authorized by § 1–26–30.1 or § 1 of this act shall be taken and conducted pursuant to the provisions of this chapter, provided, that § 1–26–30.1 shall not apply to contested cases determined by the public utilities commission. The Code Commission codified the main portion of the foregoing section as SDCL 1–26–30.3 but added the last clause to the previously enacted SDCL § 1–26–30.-1. In addition, § 12 of the 1975 enactment, which was not subsequently codified, provided that in future revisions or compilations of the code or printing of pocket supplements thereto the Code Commission is directed to strike any provisions which provide for an appeal from a contested case in any manner other than as provided by Chapter 1–26.

The first question we face is the effect of this enactment on an appeal that was initiated prior to the effective date of the enactment. SDCL § 2–14–24 provides "no action or proceeding, civil or criminal, commenced before the code of laws enacted by § 2–16–13 took effect and no right accrued are affected by its provisions but the proceedings thereunder must conform to the requirements of such code *as far as applicable.*" (Emphasis added.) It would therefore appear that at the time the Motion for Dismissal was before the circuit court in December of 1975 the references in the Notice of Appeal to section SDCL 21–33–1 were superseded as a matter of law by the provisions of SDCL Chapter 1–26 and that the trial court was bound to make its determination based on the provisions of SDCL Chapter 1–26 as amended by the 1975 Session Law.

The second question then arises: Does the 1975 enactment repeal the appellate review provision of the Implied Consent Law SDCL § 32–23–12? It was not included in the direct repealer provisions in the

1975 enactment so that if it was repealed at all it would be by implication.

■ It is recognized that repeal by implication is not favored and will be indulged only where there is a manifest and total repugnancy. *Jacobi v. Clarkson*, 1932, 60 S.D. 401, 244´ N.W. 535. If by any reasonable construction both acts can stand they will be permitted to do so. *Security State Bank v. Breen*, 1938, 65 S.D. 640, 277 N.W. 497. I find the provisions of SDCL § 1–26–30.3 as amended, "notwithstanding any other provision of law, all appeals authorized by § 1–26–30.1 (right of appeal where agency fails to act in contested case) or § 1–26–30.2 (appeal from final action in contested case) shall be taken and conducted pursuant to the provisions of this chapter", wholly repugnant to the provisions of § 32–23–12 providing for review with trial de novo of the decision of the commissioner of public safety. Particularly is this so in view of the provision now part of § 1–26–30.1 excepting from the contested cases under that section (cases where the agency fails to act) contested cases determined by the Public Utilities Commission. Where the legislature plainly states that all appeals from an agency in contested cases whether from failure of the agency to act or from final decision shall be taken and conducted pursuant to the provisions of this chapter and specifically excepts therefrom *only* appeals from the Public Utilities Commission where it *fails to act.* I cannot conceive of any logical reason for this court to extend any exception to the decisions of the Department of Motor Vehicles. To paraphrase the decision of this court in *Hauck, et al. v. Bull, et al.,* 1961, 79 S.D. 242, 110 N.W.2d 506 at 508:

"Our conclusion is substantiated by the exception appearing in Section 2 of Chapter 17, Laws of 1975 (now SDCL 1–26–30.1) as follows: 'Provided, that section 1–26–30.1 shall not apply to contested cases determined by the public utilities commission.' It is evident from such language that except for contested cases where the Public Utilities Commission failed to act the legislature intended that all other appeals from final actions of agencies or where such agency failed to act be taken and conducted pursuant to the provisions of Chapter 1–26."

The intent to repeal alternative provisions is even further substantiated by the provisions of § 12 directing the Code Commission in future revisions or compilations to strike any provision which provides for an appeal from a contested case in a manner other than as provided by Chapter 1–26. This court has dealt with the application of blanket repealing clauses which generally provide that "all acts or parts of acts in conflict with this act are hereby repealed" and has held them to be mere surplusage and add nothing in the absence of an express repeal or repeal by implication. *Security State Bank v. Breen,* supra. I believe however that this provision of § 12 goes far beyond the so-called blanket repealing clause and directly instructs the Commission to make such changes. SDCL Chapter 2–16, Codes and Compilations, is the statutory authority for the Code Commission. This chapter imposes on the Commission the duty to provide for supplements, to determine the contents of such supplements and to determine the physical arrangements thereof. (SDCL § 2–16–6). The Commission is authorized to make such changes as may be necessary to correct apparent errors, to correlate and integrate all the laws to harmonize, to eliminate or clarify obviously obsolete or ambiguous sections that exist—wherever the legislature has expressly or by implication indicated an intention to do so as to provide consistency in the law. (SDCL § 2–16–9). This authority is declared to be continuing in order to assimilate laws of a permanent nature enacted in 1968 and subsequent sessions into the arrangement adopted in the South Dakota Compiled Laws of 1967 (SDCL § 2–16–9.1). I believe that this direction to an agency with the authority which is vested in the Code Commission goes far beyond the blanket repealer clause and clearly indicates a legislative intent that effective July 1, 1975 all appeals for judicial review of administrative agencies shall be taken pursuant to the provisions of Chapter 1–26. Accordingly, I would reverse and remand the

case to the circuit court with directions to entertain the appeal under the provisions of SDCL Chapter 1–26.

WOLLMAN, J., concurs.

DUNN, C. J., and ZASTROW and PORTER, JJ., concur in result.

DUNN, Chief Justice (concurring in result).

I concur in the result of the proposed opinion.

 I agree that the defendants may appeal the hearing examiner's findings under SDCL 1–26, and that these cases should be remanded to entertain appeals under that chapter; however, I do not believe this application forecloses the right to appeal under SDCL 32–23–12. Although the legislature in 1975 expanded the right of appeal from those "aggrieved by a final decision in a contested case", SDCL 1–26–30, to "any party in a contested case", SDCL 1–26–30.2, and provided that "appeals authorized by § 1–26–30.1 or § 1–26–30.2 shall be taken and conducted pursuant to the provisions of this chapter", SDCL 1–26–30.3, it did not expressly repeal SDCL 1–26–30. That section provides in part:

"This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law."

While SDCL 1–26–30.2 and the first sentence of SDCL 1–26–30 may be so manifestly and totally repugnant as to necessitate an implied repeal, I do not feel the sentence quoted above need fall. I would view SDCL 1–26–30.2 and SDCL 32–23–12 as alternative methods of review.

I am authorized to state that Justices ZASTROW and PORTER join in this concurrence.