Allen DROVDAL, Appellant,

v.

STATE of South Dakota, DEPARTMENT OF PUBLIC SAFETY, DIVISION OF HIGHWAY PATROL, Respondent.

No. 11995–a.

Supreme Court of South Dakota.

July 7, 1977.

James Robbennolt, Duncan, Olinger & Srstka, Pierre, for appellant.

Donald Foreman, Asst. Atty. Gen., Pierre, William J. Janklow, Atty. Gen., Pierre, on brief, for respondent.

WUEST, Circuit Judge.

The appellant, Allen Drovdal, was a trooper with the South Dakota Highway

Patrol. On October 31, 1975, he was given notice by the Superintendent of the Highway Patrol that he was being discharged for some thirteen incidents contrary to SDCL 3–7–15(5), (6) and (9). He was further notified that pursuant to SDCL 3–7–17 and Chapter 55:02:08 of the Civil Service Commission Rules and Regulations he could have a hearing before the State Police Civil Service Commission. The Commission held a hearing at which it found that appellant had spent the night in the home of a woman not his wife and had been observed in her company on other occasions, all of which had caused gossip and had resulted in embarrassment to other Highway Patrol officers in the vicinity; that he had violated specific orders and regulations regarding time on duty; and that he had falsified reports to show that he had worked on March 24, 1975, and had collected subsistence pay for working when in fact he had not worked that day. The commission specifically found that just and good cause existed for the discharge of appellant from the South Dakota Highway Patrol. However, the Commission entered a decision to reinstate appellant following a four-month suspension and placed him on probation without career service rights for a period of one year. The Department of Public Safety, Division of Highway Patrol, appealed the decision of the Police Civil Service Commission to the Circuit Court of Hughes County, claiming that the Commission had exceeded its statutory authority in setting aside the order discharging appellant and substituting a lesser penalty therefor. It was stipulated that the facts found by the Commission would be accepted as true. The Circuit Court of Hughes County reversed the Commission and entered its judgment directing the Commission to enter an order discharging appellant from the South Dakota Highway Patrol. We affirm.

SDCL 3–7 provides for the State Police Civil Service Commission and specifies its various powers and duties. Generally, those powers and duties apply to certain law enforcement personnel including the Division of Highway Patrol. Its duties include the classification of positions and grades of law enforcement personnel, designating grades for positions, lines of promotion, and efficiency standards and records and pay scales, together with examinations for new employment and promotions. SDCL 3–7–15 provides that "[n]o employee in the classified civil service of this state shall be removed, discharged, or reduced in rank or pay by the appointing officer, except for cause." It goes on to specify some seventeen grounds as just causes for discharge, suspension, or reduction.

Appellant was charged with SDCL 3–7–15, subsections (5), (6) and (9) which provide:

"(5) Has violated any lawful and reasonable official regulation or order, or failed to obey any lawful or reasonable direction made and given by his superior officer, where such violation or failure to obey amounts to an act of insubordination or a serious breach of proper discipline, or resulted or reasonably might be expected to result in loss or injury to the state, or to the public, or to prisoners or wards of the state; or

(6) Has been guilty of any conduct unbecoming an officer or employee of this state; or

\*    \*    \*    \*    \*    \*

(9) Has been guilty of acts which amount to an act of insubordination or to disgraceful conduct, whether such conduct occurred while on duty or off duty  \*  \*  \*."

SDCL 3–7–16 provides that in the event of a removal, discharge, or reduction the appointing officer must make a written statement of the same with a copy personally delivered to the employee and the other copy filed with the Commission. Then, the statute in question, SDCL 3–7–17, provides:

"Every employee who has been removed, discharged, or reduced may with-

in five days thereafter file with said commission a statement in writing, alleging that such removal, discharge, or reduction was made without just cause, and that he believes that upon a hearing he will be able to establish such fact. Upon the filing of such statement there shall be a hearing, the time and place of which shall be fixed by the commission and due notice thereof shall be given to the appointing officer and to the employee. *Upon such hearing the commission shall determine and decide whether or not the removal, discharge, or reduction was made for good cause,* and at such hearing, each commissioner shall have the power to administer oaths and to secure by the subpoena of the commission the attendance and testimony of witnesses and the production of books, records and papers. If upon such hearing the commission shall find the removal, discharge, or reduction was made without just cause, it shall enter an order reinstating the employee to his former position, and directing the payment of all back salary due. *If, however, the commission shall find that the removal, discharge or reduction was made for good cause, it shall enter an order to that effect, and the removal, discharge, or reduction shall stand,* except that the appointing officer or the employee may appeal to the circuit court of Hughes county within twenty days after service of the order upon him. \* \* \* " (emphasis supplied)

The Division of Highway Patrol claims the Commission, after finding the discharge was made for good cause, exceeded its authority in setting aside the discharge by the Superintendent and substituting a lesser penalty. It cites, among other cases, *Vetterli v. Civil Service Commission of Salt Lake City*, 106 Utah 83, 145 P.2d 792, where the court said in reversing a trial court opinion:

"We do not find in our statute any phrase which grants the same jurisdiction on appeal as is conferred where the power on appeal is to 'affirm, modify or reverse,'—an expression usually if not universally employed where such authority is actually conferred. The substitution of suspension for 6 months without pay, in lieu of dismissal, was beyond the power of the commission." 145 P.2d at 796.

The appellant urges that the interpretation by the Division of Highway Patrol is overly restrictive and waters down the Commission's ability to fulfill the function for which it was created. The provisions of SDCL 3–7–17 are very clear. The section provides that if the Commission finds that the removal, discharge, or reduction was made for good cause, "it shall enter an order to that effect, and the removal, discharge, or reduction shall stand \* \* \*." There is nothing in this statute which gives the Commission any discretion regarding the disciplinary action to be taken. On the contrary, SDCL 3–7–15 specifically provides for the removal, discharge, or reduction by the appointing officer. The function of the Commission under SDCL 3–7–17 is merely to determine whether or not the removal, discharge, or reduction was made for good cause under the provisions of SDCL 3–7–15.

The appellant urges that should we uphold the trial court upon its judgment deciding that the Commission could not change the disposition by the appointing officer (Superintendent), then we should direct the trial court to remand the case to the Commission for additional proceedings.

This case is controlled by the provisions of SDCL 1–26, generally referred to as the "Administrative Procedures Act." *State, Dept. of Public Safety v. Cronin*, 1977, S.D., 250 N.W.2d 690. The trial court's authority under this statute permits affirmation, remand, reversal, or modification.

The trial court remanded this case to the Commission with directions to enter an order of discharge. Under the provisions of SDCL 3–7–17 the Commission could do

nothing but change that portion of its decision modifying the Superintendent's discharge of appellant since it had already found that good cause existed for his discharge, and it was stipulated that the facts found by the Commission would be accepted as true. Clearly, some of the facts the Commission found regarding appellant's conduct fit some of the causes for removal under subsections (5), (6) and (9) of SDCL 3–7–15. The Commission did not misinterpret the law in that respect.

Affirmed.

All the Justices concur.

WUEST, Circuit Judge, sitting for PORTER, Justice, disqualified.