**In the Matter of the Revocation of the Driver's License of William Samuel DE CORY.**

**No. 12157.**

Supreme Court of South Dakota.

Aug. 10, 1978.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Tamatane Aga, Jr., Black Hills Legal Services, Inc., Rapid City, for appellant.

PER CURIAM.

This is another appeal challenging the revocation of a driver's license for a refusal to submit to a chemical analysis of his blood.

Appellant was arrested and charged with the offense of driving while under the influence of alcoholic beverages on January 9, 1976. The arresting officer submitted a report and affidavit to the Department of Public Safety (Department), alleging that appellant had refused to submit to a requested chemical analysis test of his blood. Appellant received a notice from the Department of its intent to revoke appellant's driver's license and advising appellant of his right to petition the Department for a hearing. Appellant made timely request for a hearing.

The administrative hearing was held on February 5, 1976, before a Department hearing examiner. The hearing examiner made findings of fact and conclusions of law on a preprinted form and by his order revoked appellant's driver's license for one year.

Appellant filed a notice of appeal requesting relief under the Administrative Procedure Act (APA), SDCL ch. 1–26, and in the alternative asking for a trial de novo under SDCL 32–23–12. The trial court determined that it would hear the matter as an APA appeal, but first remanded the matter to the hearing examiner for more detailed findings of fact and conclusions of law.

After the hearing examiner entered further findings of fact and conclusions of law the matter was brought on for a further hearing before the circuit court. At that time appellant asserted the right to a trial de novo, with the introduction of evidence and an independent determination by the circuit court of whether appellant's driver's license should be revoked. The trial court refused to hear the matter de novo and reviewed the examiner's revised findings of fact and conclusions of law and entered a judgment affirming the Department's order of revocation. This appeal is from that judgment. We affirm.

Appellant contends that the trial court erred in refusing to receive testimony and make an independent determination of the propriety of the revocation. Appellant clearly sought both an APA appeal and a trial de novo. In *State v. Cronin*, 1977, S.D., 250 N.W.2d 690, the majority of this court held that an appeal to the circuit court could be taken from a public safety hearing examiner's decision as an APA appeal (SDCL ch. 1–26) *or* a trial de novo (SDCL 32–23–16). The appeal must be in one form or another, but not both.

Appellant's notice of appeal clearly requested an APA appeal. The scope of review of such an appeal is set forth in SDCL 1–26–36. The trial court proceeded to hear and decide the matter accordingly.

Appellant now asserts that the circuit court either should have heard the matter de novo under SDCL 32–23–12 or should have allowed both an APA appeal and a trial de novo. Since appellant requested and received the APA appeal, he may not now complain that his alternate request was not allowed. Appellant must select his choice of remedies, and he may not allege error simply because he has included the alternate remedy in his notice of appeal.

The judgment is affirmed.