WOLLMAN, Chief Justice.
 

 A final decision of the South Dakota Department of Social Services (department) found appellant ineligible for aid to families • of dependent children benefits because she possessed excessive liquid assets. On appeal, the circuit court entered an order affirming the denial.
 

 Appellant raises three issues in her appeal. The first, whether she is entitled to judicial review pursuant to the Administrative Procedures Act (APA), SDCL ch. 1-26, is dispositive. We hold that appellant is entitled to review under the APA; consequently, we reverse and remand for further proceedings.
 

 Appellee is an agency within the meaning "of the APA. SDCL 1-26-1(1);
 
 State, Dept. of Soc. Serv. v. Rodvik,
 
 264 N.W.2d 898, 900 (S.D.1978). SDCL 1-26-30 provides in part that “a party who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.” SDCL 1-26-30.2 provides that “An appeal shall be allowed in the circuit court to any party in a contested case from a final decision, ruling or action of an agency.” SDCL 1-26-30.3 provides that “Notwithstanding any other provision of law, all appeals authorized by § 1-26-30.1 or § 1-26-30.2 shall be taken and conducted pursuant to the provisions of this chapter.”
 

 Although it would appear from the foregoing that appellant clearly is entitled to appeal under the provisions of SDCL ch. 1-26, the department contends that her right to appeal is governed by the provisions of SDCL ch. 28-1.
 

 SDCL 28-1-19 provides that a person whose claim for assistance has been rejected by the Division of Social Welfare of the Department of Social Services has “the right to appeal to the circuit court . . . which appeal shall be taken in the manner provided by § 28-1-20 to 28-1-24, inclusive.”
 

 SDCL 28-1-22 provides:
 

 Any order of rejection by the division may be reversed or set aside on one or more of the following grounds, and no other:
 

 (1) If the order or decree was procured by fraud;
 

 (2) If the facts found by the division do not support the order made thereon.
 

 In contrast to the narrowly circumscribed scope of judicial review provided by SDCL 28-1-22, the APA sets forth six grounds for reversal or modification of a decision by an agency.
 

 The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 

 (1) In violation of constitutional or statutory provisions;
 

 (2) In excess of the statutory authority of the agency;
 

 (3) Made upon unlawful procedure;
 

 (4) Affected by other error of law;
 

 (5) Clearly erroneous in light of the entire evidence in the record; or
 

 (6) Arbitrary or capricious or characterized by abuse of discretion or early unwarranted exercise of discretion....
 

 SDCL 1-26-36.
 

 We conclude that by adopting SDCL 1-26-30.3 in 1975 (1975 S.D.Sess.Laws ch. 17, § 2) the legislature impliedly repealed the provisions of SDCL 28-1-19 through 28-1-23. In reaching this conclusion, we adopt the reasoning expressed by Justice Morgan in
 
 State, Dept. of Public Safety v. Cronin,
 
 250 N.W.2d 690, 694 (S.D.1977):
 

 It is recognized that repeal by implication is not favored and will be indulged only where there is a manifest and total repugnancy.... If by any reasonable construction both acts can stand they will be permitted to do so. . . . I find the
 
 *861
 
 provisions of SDCL § 1-26-30.3 as amended, “notwithstanding any other provision of law, all appeals authorized by § 1-26-30.1 (right of appeal where agency fails to act in contested case) or § 1-26-30.2 (appeal from final action in contested case) shall be taken and conducted pursuant to the provisions of this chapter”, wholly repugnant to the provisions of § 32-23-12 providing for review with trial de novo of the decision of the commissioner of public safety. Particularly is this so in view of the provision now part of § 1-26-30.1 excepting from the contested cases under that section (cases where the agency fails to act) contested cases determined by the Public Utilities Commission. Where the legislature plainly states that all appeals from an agency in contested cases whether from failure of the agency to act or from final decision shall be taken and conducted pursuant to the provisions of this chapter and specifically excepts therefrom
 
 only
 
 appeals from the Public Utilities Commission where it
 
 fails to
 
 aci[,] I cannot conceive of any logical reason for this court to extend any exception to the decisions of the Department of Motor Vehicles (citations omitted) (emphasis in original).
 

 As we said in
 
 Matter of Sales Tax Refund Applications,
 
 298 N.W.2d 799, 802 (S.D.1980),
 

 when the terms of a statute are clear, certain and unambiguous in their meaning, it is the function of the court to give them effect and not to amend the statute to avoid or produce a particular result. ... The Court’s only function then is to declare the meaning of the statute as clearly expressed (citations omitted).
 

 The language of SDCL 1-26-30.3 could hardly be clearer or more specific. Accordingly, we hold that one who is aggrieved by a final decision of the department is entitled to judicial review under the provisions of SDCL ch. 1-26. In reaching this conclusion we recognize the long-standing rule that repeals by implication are not favored and should be found only where there is a manifest and total repugnancy between the statutes and where both acts cannot be reconciled through a reasonable construction. See, e.g.,
 
 State, Dept. of Public Safety v. Cronin,
 
 supra;
 
 Matter of Sales Tax Refund Applications,
 
 supra, and cases cited therein. The scope of judicial review available under SDCL 1-26-36 is so far broader than that permitted by SDCL 28-1-22 that no reasonable construction can give effect to both statutes. Appellant clearly falls within the class of persons entitled to judicial review under SDCL ch. 1-26. To relegate her to the severely attenuated judicial review provided by SDCL 28-1-22 would be to read an exception into SDCL 1-26-30.3 that the plain language of that statute does not admit of. If the legislature intends that appellant and others similarly situated should be limited to a narrower scope of judicial review, then it will be a simple enough matter to amend SDCL ch. 1-26 accordingly.
 

 We recognize that in
 
 State, Dept. of Soc. Serv. v. Rodvik,
 
 supra, we stated that the provisions of SDCL 28-1-22 were applicable to cases involving rejected welfare assistance claims. The precise issue that is before us in the present case was not an issue in
 
 Rodvik,
 
 however. Accordingly, we limit the holding in
 
 Rodvik
 
 to the issue presented therein and disapprove of the gratuitous statement therein regarding the applicability of SDCL 28-1-22.
 

 The order appealed from is reversed, and the case is remanded to the circuit court with directions to review the record in the light of the scope of review provided by SDCL 1-26-36.
 

 All the Justices concur.